John Earl PATRICK *v.* STATE of Arkansas

CR 03-696                                                      188 S.W.3d 906

Supreme Court of Arkansas
Opinion delivered June 24, 2004

*Phillip A. Moon,* for appellant.

*Mike Beebe,* Att'y Gen., by: *David S. Davies,* Ass't Att'y Gen., for appellee.

Per Curiam. Appellant John Earl Patrick appeals the order of the Carroll County Circuit Court convicting him of attempt to manufacture a controlled substance. On appeal, Patrick argues that the circuit court erred in denying his motion to suppress, so his conviction should be reversed, the judgment and commitment order vacated, and this matter remanded for further proceedings. Because Patrick has submitted a brief with an abstract and an Addendum that are insufficient under Ark. Sup. Ct. R. 4-2(a)(5), (8), we order rebriefing.

Supreme Court Rule 4-2(b)(3) explains the procedure to be followed when an appellant has failed to supply this court with a sufficient brief and states

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

Ark. Sup. Ct. R. 4-2(b)(3).

In the case at bar, the abstract fails to mention the proceeding from which the abstracted testimony comes. The abstract then states: "A discussion then ensued between the Court and counsel regarding issues of discovery and submission of brief [sic] and the scheduling of a decision on the suppression hearing." However, this court is left in the dark about what issues were raised supporting suppression and what arguments were made opposing it. Moreover, the appellant has failed to abstract his brief in support of his motion to suppress or, alternatively, to include a copy of that brief in his Addendum.

■ We order Patrick to submit a substituted brief that contains a revised abstract and Addendum that include all relevant information necessary to an understanding of the issues presented to this court on appeal. Patrick is directed to file the substituted brief within fifteen days from the date of entry of this order. According to Rule 4-2(b)(3), if Patrick fails to file a complying brief within the prescribed time, the order, judgment, or decree appealed from may be affirmed for noncompliance with the Rule.

After service of the substituted brief, the State shall have an opportunity to file a responsive brief in the time prescribed by the Supreme Court Clerk, or to rely on the brief that it has previously filed in this appeal.