Gary KYZAR *v.* CITY of WEST MEMPHIS, Arkansas; Billy Johnson, *Mayor*; The West Memphis Advertising and Promotion Commission; and Frank Waggener, *Chairman*

04-338                                                   197 S.W.3d 502

Supreme Court of Arkansas
Opinion delivered November 4, 2004

*Everett & Hunter*, by; *Mike Everett*, for appellant.

*Erica Ross*, for appellees.

PER CURIAM. Appellant, Gary Kyzar, appeals the decision of the Crittenden County Circuit Court granting a motion to dismiss of appellees, City of West Memphis *et al*. This case concerns a petition for referendum on an ordinance imposing a one-cent "hamburger" tax in West Memphis.

Although not raised by either party, we do not reach the merits of this case because of a failure to comply with our addendum requirements. *See* Ark. Sup. Ct. R. 4-1 and 4-2 (2004). We raise issues of deficiencies *sua sponte. Branscumb v. Freeman*, 357 Ark. 644, 187 S.W.3d 846 (2004).

Arkansas Supreme Court Rule 4-2(a)(8) provides that the addendum shall include copies of the "order, judgment, decree . . . from which the appeal is taken, along with any other relevant pleadings, documents, or exhibits essential to an understanding of the case and the court's jurisdiction on appeal." *Id.*

Here, appellant's addendum includes Ordinance 2072, petition for referendum, two letter opinions from the Attorney General, order of partial dismissal, notice of appeal, stipulation of counsel, and exhibits. In the order of partial dismissal from which appellant brings his appeal, the trial court states:

It is therefore considered, ordered, and adjudged that:

1. The petition on Ordinance 2072 is fatally flawed and cannot be set for a referendum election.

2. Count II of plaintiff's first amended and substituted complaint is therefore dismissed with prejudice.

3. Plaintiff's oral motion for an injunction halting the collection of the tax imposed by Ordinance 29072 [sic] is denied as moot.

4. Defendant's motion to dismiss count II of plaintiff's first amended and substituted complaint and defendant's motion to strike plaintiff's reply brief as untimely are denied as moot.

The trial court's rulings are based upon appellant's first amended and substituted complaint and upon appellant's motion to dismiss. However, appellant's addendum does not contain appellant's first amended and substituted complaint, appellees' answer, appellees' motion to dismiss, or any response to it. Further, appellees do not provide a supplemental addendum. Therefore, because appellant's brief fails to include the relevant documents, we find it to be deficient such that we cannot reach the merits of the case.

Appellant has fifteen days from the date of this opinion to file a substituted addendum to conform to Rule 4-2(a)(8). *See In re: Modification of the Abstracting System—Amendments to Supreme Court Rule 2-3, 4-2, 4-3, and 4-4*, 345 Ark. Appx. 626 (2001) (*per curiam*); Ark. Sup. Ct. R. 4-2(b)(3) (2004). If appellant fails to file a complying addendum within the prescribed time, the judgment may be affirmed for noncompliance with our rules. *Id.* After service of the substituted brief on the appellees, they shall have an opportunity to file a responsive brief in the time prescribed by the Supreme Court Clerk, or to rely upon appellee's brief that was previously filed in this appeal. *See* Ark. Sup. Ct. R. 4-2(b)(3); *Branscumb, supra.*

Rebriefing ordered.