John Earl PATRICK *v.* STATE of Arkansas

CR 03-696                                                    199 S.W.3d 74

Supreme Court of Arkansas
Opinion delivered December 2, 2004

---

*Phillip A. Moon*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

R OBERT L. BROWN, Justice.   Appellant John Earl Patrick appeals from the Carroll County Circuit Court's judgment of conviction in which the court convicted Patrick of attempt to manufacture a controlled substance (methamphetamine) in violation of Ark. Code Ann. § 5-64-401 (Repl. 1997), and sentenced him to fifteen years in prison. Patrick argues on appeal that the circuit court erred in denying his motion to suppress and that his conviction should be reversed, the judgment and commitment order vacated, and this matter remanded for further proceedings. We affirm the judgment of conviction pursuant to Arkansas Supreme Court Rule 4-2(b)(3) for failure to comply with Arkansas Supreme Court Rule 4-2(a)(5) and (8).

Patrick claims on appeal that the circuit court erred in denying his motion to suppress. Specifically, he urges that the entrance of his landlord, Lorraine Taylor, into his home was improper; that the presence of the police on the grounds of his home and their discussions with his landlord made her an agent of the police; and that the search of his home's curtilage prior to obtaining a search warrant violated his Fourth Amendment right to be free from an unreasonable search and seizure. Patrick argues that law enforcement officers may not benefit from a private search when their presence lends tacit approval and "deputizes" Taylor as law enforcement's agent. In addition, he argues that Taylor is considered an arm of the government, because she followed the direction of law enforcement officers.

On June 24, 2004, this court ordered Patrick to rebrief his case due to an insufficient abstract and Addendum under Arkansas

Supreme Court Rule 4-2(a)(5) and (8). *See Patrick v. State*, 358 Ark. 300, 188 S.W.3d 906 (2004) (*per curiam*). Specifically, this court stated

> In the case at bar, the abstract fails to mention the proceeding from which the abstracted testimony comes. The abstract then states: "A discussion then ensued between the Court and counsel regarding issues of discovery and submission of brief [*sic*] and the scheduling of a decision on the suppression hearing." However, this court is left in the dark about what issues were raised supporting suppression and what arguments were made opposing it. Moreover, the appellant has failed to abstract his brief in support of his motion to suppress or, alternatively, to include a copy of that brief in his Addendum.
>
> We order Patrick to submit a substituted brief that contains a revised abstract and Addendum that include all relevant information necessary to an understanding of the issues presented to this court on appeal. Patrick is directed to file the substituted brief within fifteen days from the date of entry of this order. According to Rule 4-2(b)(3), if Patrick fails to file a complying brief within the prescribed time, the order, judgment, or decree appealed from may be affirmed for noncompliance with the Rule.

*Patrick v. State*, 358 Ark. at 301, 188 S.W.3d at 907 (2004).

Arkansas Supreme Court Rule 4-2(b)(3) provides that this court may automatically affirm a judgment of conviction when the appellant has had the opportunity to cure his deficient brief and fails. Specifically, the rule states:

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2 (a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the

brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. *If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.*

Ark. Sup. Ct. R. 4-2(b)(3) (emphasis added).

■ On September 23, 2004, Patrick resubmitted his appellant's brief and presented the same reasons for suppressing the evidence. This court is not able to reach the merits of Patrick's arguments, because he has again failed to show whether he presented these arguments to the circuit judge for consideration. Hence, without going to the record, this court has no way of knowing what arguments Patrick presented to the circuit judge, which is a prerequisite to our consideration of the same arguments on appeal. We have stated repeatedly that we will not go to the record to reverse a judgment of conviction, because there is only one record and seven justices. *See, e.g., Johnson v. State,* 342 Ark. 357, 28 S.W.3d 286 (2000); *Pogue v. State,* 316 Ark. 428, 872 S.W.2d 387 (1994).

Patrick's only attempt to comply with our *per curiam* order was to state generally what the hearings were about and when they took place. However, in doing this, he still failed to abstract the attorneys' arguments to the circuit judge. Instead, he retained the conclusory statement from his original brief that we quoted in our *per curiam* regarding the discussion among counsel and the court at the first suppression hearing and then included the following comment in his abstract from the second suppression hearing: "Upon conclusion of arguments, the Court then ruled as follows." He finished by abstracting the circuit court's ruling in which the circuit court denied Patrick's motion to suppress, because Taylor was not an agent of the State when she entered Patrick's home and evidence discovered by authorities in Patrick's yard would have been discovered pursuant to a search warrant. This was clearly inadequate. We had ordered Patrick to present to this court what was argued at trial so that we could determine whether the circuit judge first had an opportunity to consider those arguments. This he did not do.

Moreover, Patrick did not even attempt to comply with our order with respect to his Addendum. We ordered Patrick to include his suppression motion and his brief in support of that

motion in the Addendum, and he failed to include either item. Again, without going to the record, this court has no way of knowing what the motion stated and what legal arguments were offered to support that motion.

Counsel has had his one chance to comply with our *per curiam* order and still failed to comply. Thus, Patrick's conviction for attempt to manufacture a controlled substance is affirmed pursuant to Arkansas Supreme Court Rule 4-2(b)(3).

Affirmed.