## WHITE COUNTY, ARKANSAS *v.* CITIES of JUDSONIA, KENSETT, & PANGBURN

06-649                                              247 S.W.3d 863

Supreme Court of Arkansas
Opinion delivered January 25, 2007

*Lightle, Raney, Bell & Simpson, LLP*, by: *Donald P. Raney*, for appellant.

No response.

PER CURIAM. This appeal arises from a declaratory-judgment order from the White County Circuit Court denying a motion for summary judgment filed by appellant, White County, and declaring, pursuant to Ark. R. Civ. P. 57 (2006), that Ark. Code Ann. § 16-17-129 (Supp. 2005), as amended, is not

ambiguous. On June 18, 2003, the White County Quorum Court enacted Ordinance 2003-10, which authorized the levy of an additional five dollar ($5.00) fine to help defray the expense of housing prisoners in the White County Detention Center. On appeal, White County argues that it passed the ordinance pursuant to Ark. Code Ann. § 16-17-127.

White County, however, failed to include "relevant pleadings" in violation of Arkansas Supreme Court Rule 4-2(a)(8), which provides that "an Addendum shall include true and legible photocopies of the order . . . from which the appeal is taken, along with any other relevant pleadings, documents, or exhibits essential to an understanding of the case and the Court's jurisdiction on appeal." Ark. Sup. Ct. R. 4-2(a)(8) (2006). Although not raised by the appellees, we do not reach the merits of White County's arguments due to its failure to comply with our addendum requirements. *See* Ark. Sup. Ct. R. 4-2(a)(8), 4-2(b)(3) (2006); *see also Branscumb v. Freeman*, 357 Ark. 644, 187 S.W.3d 846 (2004). We may raise issues of deficiencies sua sponte. *See* Ark. Sup. Ct. R. 4-2(b)(3).

Here, the addendum does not include the complaint for declaratory judgment, the motion for summary judgment, the brief in support of the motion for summary judgment, the answer, or any of the other pleadings considered by the circuit court in reaching its determination. In *Branscumb*, we said:

> It is a practical impossibility for seven justices to examine a single record filed with this court, and we will not do so. *City of Dover v. City of Russellville*, 351 Ark. 557, 95 S.W.3d 808 (2003). Arkansas Supreme Court Rule [4-2] (a)(8) requires that the Addendum shall include true and legible photocopies of, among other things, the relevant pleadings, documents, and exhibits that are essential to an understanding of the case and the court's jurisdiction on appeal. In the absence of the pleadings and motions on which the trial court based its decision, it is impossible for the court to make an informed decision on the merits of this case. Furthermore, without a notice of appeal in the addendum, we cannot determine whether this court has jurisdiction to decide this case.

*Branscumb*, 357 Ark. at 645, 187 S.W.3d at 847.

Because White County failed to comply with our rules, we find that its brief is deficient, and we cannot reach the merits of its appeal. Therefore, pursuant to our rules, White

County has fifteen days from the date of this opinion to file a substituted addendum to conform to Ark. Sup. Ct. R. 4-2(a)(8). *See* 4-2(b)(3); *see also, e.g., Branscumb, supra.* If White County fails to file an addendum within this time period, the circuit court's judgment may be affirmed for noncompliance with this rule. *See id.*

Rebriefing ordered.

HANNAH, C.J., and IMBER, J., not participating.

Special Associate Justices HILL and MAYTON join.