Lade Thomas CONLEE, Jr. *v.* Jennifer CONLEE

06-586                                                     251 S.W.3d 306

Supreme Court of Arkansas
Opinion delivered March 1, 2007

*Dodds, Kidd & Ryan*, by: *Stephanie A. Chamberlin*, for appellant.

*Shepherd & Allred*, by: *Allison R. Allred*, for appellee.

PER CURIAM. Jennifer Conlee was awarded an absolute divorce from Tom Conlee in 2005. Since then, both parties have consistently been engaged in litigation, alleging noncompliance with the divorce decree. Jennifer petitioned the circuit court to hold Tom in contempt for failure to comply with the terms of the divorce decree. Moreover, Jennifer also filed two petitions, alleging that Tom was not disclosing certain assets. The circuit court entered three separate contempt orders, concluding that Tom had willfully refused to comply with the terms of the divorce decree. However, the circuit court denied Jennifer's petitions concerning Tom's alleged nondisclosure of assets, concluding that she had not met her burden of proof with respect to those allegations. Tom filed three separate notices of appeal from each contempt order, and Jennifer cross-appealed from the last contempt order. We conclude that Jennifer's addendum is deficient as to her cross-appeal.

Jennifer filed a cross-appeal, contending that the circuit court erred in determining there was insufficient evidence to determine that Tom had undisclosed assets. However, the two relevant petitions are not included in the addendum or the record.

Specifically, according to the circuit court's order, Jennifer filed two petitions concerning assets not disclosed by Tom. According to the circuit court's order, these petitions were filed on March 1, 2005, and June 14, 2005. In its order, the circuit court denied those petitions, and the denial of those petitions appears to be the sole subject of Jennifer's cross-appeal. Arkansas Supreme Court Rule 4-2(a)(8) (2006) requires that the addendum *shall* include true and legible photocopies of, among other things, *the relevant pleadings*, documents, and exhibits that are essential to an understanding of the case and the court's jurisdiction on appeal. (Emphasis added.) In the absence of the pleadings on which the trial court based its decision, it is impossible for the court to make an informed decision on the merits of this case, let alone determine whether her arguments are, in fact, preserved for appeal.

Here, Jennifer has provided a flagrantly deficient addendum. Because the brief fails to include the relevant petitions, we find it to be deficient such that we cannot reach the merits of the case. Jennifer is granted fifteen days from the date of this opinion to file a substituted addendum to conform to Rule 4-2(a)(8). *See In re: Modification of the Abstracting System-Amendments to Supreme Court Rule 2-3, 4-2, 4-3, and 4-4, Ark. Sup. Ct. R. 4-2(b)(3)*, 345 Ark. App'x 626 (2001). If Jennifer fails to file a complying addendum within the prescribed time, the appeal should be dismissed for noncompliance with the Rule. *Id.* After service of the substituted brief on Tom, Tom should have an opportunity to file a responsive brief in the time prescribed by the Supreme Court Clerk, or to rely upon his brief that was previously filed in this appeal. *See* Ark. Sup. Ct. R. 4-2(b)(3) (2006); *Moon v. Holloway*, 353 Ark. 520, 110 S.W.3d 250 (2003). For clarity's sake, we consolidate *Conlee v. Conlee*, 05-743, with the instant case, 06-586.