CITIFINANCIAL RETAIL SERVICES DIVISION of CITICORP TRUST BANK, FSB *v.* Richard WEISS, in His Official Capacity as Director, Arkansas Department of Finance and Administration; and Timothy J. Leathers, in His Official Capacity as Commissioner of Revenue, Arkansas Department of Finance and Administration

07-551                                                                          266 S.W.3d 740

Supreme Court of Arkansas
Opinion delivered November 1, 2007

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *John K. Baker* and *Jeffrey L. Spillyards*, for appellant.

*Ronna Abshure*, for appellee.

PER CURIAM. Appellant, CitiFinancial Retail Services, has appealed the February 8, 2007, order of the trial court granting summary judgment to the appellees in this case, Richard Weiss, in his official capacity as the Director of the Arkansas Department of Finance and Administration, and Timothy Leathers, in his official capacity as Revenue Commissioner. However, we are unable to consider CitiFinancial's appeal at this time because its brief is not in compliance with Ark. Sup. Ct. R. 4-2(b) (2007).

This case was decided on the parties' cross-motions for summary judgment. However, CitiFinancial has failed to include copies of either the parties' motions or the briefs in support thereof in its Addendum. Rule 4-2(a)(8) of the Rules of the Supreme Court requires the inclusion in the Addendum of the "relevant pleadings, documents, or exhibits essential to an understanding of the case and the Court's jurisdiction on appeal." Rule 4-3(b) explains the procedure to be followed when an appellant has failed to supply this court with a sufficient brief, providing as follows:

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief

within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

■ Accordingly, we order CitiFinancial to file a substituted Addendum containing the motions for summary judgment and the supporting briefs within fifteen days from the date of entry of this order. According to Rule 4-2(b)(3), if CitiFinancial fails to file a complying brief within the prescribed time, the order appealed from may be affirmed for noncompliance with the Rule.

After service of the substituted brief, the appellees shall have an opportunity to file a responsive brief in the time prescribed by the Supreme Court Clerk, or to rely on the brief that they have previously filed in this appeal.

Rebriefing ordered.