Gloria PRESTON, Administratrix of the Estate of
Richard L. Preston and Gloria Preston, Individually, and
Thomas Robertson, as Trustee for The Bankruptcy Estate of
Gloria Preston  *v.*  Fred E. STOOPS, Sr., Richard D. Marrs,
Eddie D. Ramirez and Richardson, Stoops, Richardson & Ward, P.C.

07-805                                                    281 S.W.3d 720

Supreme Court of Arkansas
Opinion delivered April 3, 2008

*Walters Hamby & Gaston*, by: *J. Troy Gaston*, for appellants.

P ER CURIAM. Appellants, Gloria Preston, administratrix of the estate of Richard L. Preston and Gloria Preston, individually, and Thomas Robertson, as trustee for the bankruptcy estate of Gloria Preston, have appealed the June 13, 2007 order of the trial court granting summary judgment to appellees, Fred E. Stoops, Sr., Richard D. Marrs, Eddie D. Ramirez, and Richardson, Stoops, Richardson & Ward, P.C. Appellants also appeal the July 18, 2007 order of the trial court on appellants' Motion for Definite Findings of Fact and Conclusions of Law. However, we are unable to consider appellants' appeal at this time because their brief is not in compliance with Ark. Sup. Ct. R. 4-2(b) (2007).

This case was decided on a summary-judgment motion filed by appellees and, although appellants fail to include the motion for summary judgment in their addendum, appellees included it in their supplemental addendum. Appellants filed three complaints: an original complaint, which is included in appellees' supplemental addendum; an amended complaint, which is included in appellants' addendum; and a second amended complaint, which is not contained in either addendum. Additionally, the circuit court, in orders dated June 13, 2007, and July 18, 2007, references appellees' answer to the amended complaint, appellants' response to the summary judgment,[1] and a reply to the summary judgment. None of these pleadings are in either addendum.

Arkansas Supreme Court Rule 4-2(a)(8) requires the inclusion in the addendum of the "relevant pleadings, documents, or exhibits essential to an understanding of the case and the Court's jurisdiction on appeal." Arkansas Supreme Court Rule 4-2(b)(3) explains the procedure to be followed when an appellant has failed to supply this court with a sufficient brief, providing as follows:

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the

---

[1] We note that appellants included a "Brief in Support of Response to Motion for Summary Judgment" in their addendum, and that the brief is also included in the record. There appears to be no separate response in the record.

disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

Accordingly, we order appellants to file a substituted addendum containing all relevant pleadings within fifteen days from the date of entry of this order. According to Rule 4-2(b)(3), if appellants fail to file a complying brief within the prescribed time, the orders appealed from may be affirmed for noncompliance with the rule.

After service of the substituted brief, the appellees shall have an opportunity to file a responsive brief in the time prescribed by the Supreme Court Clerk, or to rely on the brief that they have previously filed in this appeal.

Rebriefing ordered.