Ryan WHITESIDE *v.* RUSSELLVILLE NEWSPAPERS, INC.; Paxton Media Group, LLC; Neal Ronquist; Scott Perkins; and Janie Ginocchio

08–313                                289 S.W.3d 461

Supreme Court of Arkansas
Opinion delivered December 11, 2008

*Henry Clay Moore*, for appellant.

PER CURIAM. Appellant Ryan Whiteside appeals from the circuit court's order granting summary judgment to appellees Russellville Newspapers, Inc.; Paxton Media Group, LLC; Neal Ronquist; Scott Perkins; and Janie Ginoccio. Mr. Whiteside further

appeals from the circuit court's order denying his motion for new trial. Because Mr. Whiteside submitted a brief without a proper addendum in violation of Arkansas Supreme Court Rule 4-2(a)(8) (2008), we order rebriefing.

Rule 4-2(a)(8) provides, in pertinent part:

> Following the signature and certificate of service, the appellant's brief shall contain an Addendum which shall include true and legible photocopies of the order, judgment, decree, ruling, letter opinion, or Workers' Compensation Commission opinion from which the appeal is taken, along with any other relevant pleadings, documents, or exhibits essential to an understanding of the case and the Court's jurisdiction on appeal.

Ark. Sup. Ct. R. 4-2(a)(8). The procedure to be followed when an appellant has submitted an insufficient abstract or addendum is set forth in Ark. Sup. Ct. R. 4-2(b)(3):

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2 (a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

Ark. Sup. Ct. R. 4-2(b)(3).

Here, Mr. Whiteside's brief is deficient due to the fact that his addendum lacks relevant pleadings essential to an understanding of the case. While the appellees abstracted the hearing on the motion for summary judgment and provided their motion for

summary judgment in their supplemental addendum, Mr. White-side's addendum lacks certain pleadings, including, but not limited to, the appellees' answer to his complaint, their brief in support of their motion for summary judgment, his response to their motion and brief in support, their reply to his response, and his response to their reply to his initial response.[1]

Because Mr. Whiteside has failed to comply with our rules, we order him to file a substituted abstract, addendum, and brief within fifteen days from the date of entry of this order. If Mr. Whiteside fails to do so within the prescribed time, the judgment appealed from may be affirmed for noncompliance with Rule 4-2. After service of the substituted abstract, addendum, and brief, the appellees shall have an opportunity to revise or supplement their brief in the time prescribed by the clerk.

Rebriefing ordered.

---

[1] We note that it was Mr. Whiteside's responsibility, as the appellant, to abstract the summary-judgment hearing. *See* Ark. Sup. Ct. R. 4-2(a)(5). While the appellees did provide a supplemental abstract, we offer no opinion on the sufficiency of that abstract.