2009 Ark. 81

**Herman BROCK, Appellant,**

v.

**Tab TOWNSELL, Mayor of the City
of Conway, Arkansas, Appellee.**

No. 08–807.

Supreme Court of Arkansas.

Feb. 19, 2009.

James F. Lane, Conway, for appellant.

Michael L. Murphy, Conway City Att'y, and Kurt J. Meredith, Deputy City Att'y, Conway, for appellee.

PER CURIAM.

Appellant Herman Brock appeals from the circuit court's order granting Appellee Tab Townsell's motion for summary judgment and denying his own motion for summary judgment. Because Appellant has submitted a brief without a proper addendum in violation of Arkansas Supreme Court Rule 4–2(a)(8) (2008), we order rebriefing.

Rule 4–2(a)(8) provides, in pertinent part:

Following the signature and certificate of service, the appellant's brief shall contain an Addendum which shall include true and legible photocopies of the order, judgment, decree, ruling, letter opinion, or Workers' Compensation Commission opinion from which the appeal is taken, along with any other relevant pleadings, documents, or exhibits essential to an understanding of the case and the Court's jurisdiction on appeal.

Ark. Sup.Ct. R. 4–2(a)(8). The procedure to be followed when an appellant has submitted an insufficient abstract or addendum is set forth in Arkansas Supreme Court Rule 4–2(b)(3):

Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4–2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not

be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

Ark. Sup.Ct. R. 4–2(b)(3).

Here, Appellant's brief is deficient due to the fact that his addendum lacks relevant pleadings essential to an understanding of the case. The record reveals that the case was decided by the circuit court upon cross motions for summary judgment. However, the addendum fails to include both motions for summary judgment, the responses and replies thereto, and the briefs in support thereof. Appellee's answer to Appellant's amended and substituted complaint also does not appear in the addendum.

Because Appellant has failed to comply with our rules, we order him to file a substituted addendum and brief within fifteen days from the date of entry of this order. If Appellant fails to do so within the prescribed time, the order appealed from may be affirmed for noncompliance with Rule 4–2. After service of the substituted addendum and brief, Appellee shall have an opportunity to revise or supplement his brief in the time prescribed by the clerk.

Rebriefing ordered.