2009 Ark. 172

**Justin BRYAN, d/b/a J & L Construction, Appellant,**

v.

**CITY OF COTTER, Arkansas; City of Gassville, Arkansas; Garver, Inc.; Grubbs, Hoskyn, Barton & Wyatt, Inc., Appellees.**

No. 08–811.

Supreme Court of Arkansas.

April 2, 2009.

**PER CURIAM.**

Appellant Justin Bryan, doing business as J & L Construction, appeals from the circuit court's orders granting Appellee Grubbs, Hoskyn, Barton & Wyatt, Inc.'s motion to dismiss; Appellee Garver, Inc.'s motion for partial summary judgment;

and Appellees City of Cotter and City of Gassville's joint motion for partial summary judgment. Because Bryan has submitted a brief without a proper addendum in violation of Arkansas Supreme Court Rule 4–2(a)(8) (2008), we order rebriefing.

Rule 4–2(a)(8) provides, in pertinent part:

> Following the signature and certificate of service, the appellant's brief shall contain an Addendum which shall include true and legible photocopies of the order, judgment, decree, ruling, letter opinion, or Workers' Compensation Commission opinion from which the appeal is taken, along with any other relevant pleadings, documents, or exhibits essential to an understanding of the case and the Court's jurisdiction on appeal.

Ark. Sup.Ct. R. 4–2(a)(8). The procedure to be followed when an appellant has submitted an insufficient abstract or addendum is set forth in Arkansas Supreme Court Rule 4–2(b)(3):

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4–2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

Ark. Sup.Ct. R. 4–2(b)(3).

■ Here, Bryan's brief is deficient due to the fact that his addendum lacks relevant pleadings essential to an understanding of the case. On appeal, he challenges the circuit court's orders of dismissal in favor of all four Appellees. However, his addendum fails to include any of the motions leading to the orders of dismissal, as well as the responses and replies thereto and the briefs in support thereof. Separate Appellee Grubbs, Hoskyn, Barton & Wyatt, Inc. has submitted a supplemental addendum, which includes its own motion to dismiss and brief in support and its reply to Bryan's response to the motion. Bryan's response is not included. The supplemental addendum also includes Garver, Inc.'s motion for partial summary judgment and brief in support, as well as Garver, Inc.'s reply to Bryan's response to the motion. Again, Bryan's response and supplemental response are not included. The supplemental addendum does not include any of the pleadings leading to the summary judgment granted to the cities.

This court has consistently ordered rebriefing in appeals of summary judgments where the addendum fails to include the motion for summary judgment, the opposing party's response to the motion, the moving party's reply to the response, and any briefs in support.[1] We have been

---

1. The dissent maintains that motions and re-

sponses are not pleadings and are therefore

presented with this situation several times in recent months. *See, e.g., Brock* |₄*v. Townsell, supra; Neely v. McCastlain, supra; Whiteside v. Russellville Newspapers, Inc., supra; Preston v. Stoops, supra.* We have required rebriefing in each instance.[2] Moreover, we have reached the same result in appeals challenging the grant of a motion to dismiss. *See, e.g., Kyzar v. City of West Memphis*, 359 Ark. 366, 197 S.W.3d 502 (2004) (per curiam); *Branscumb v. Freeman*, 357 Ark. 644, 187 S.W.3d 846 (2004) (per curiam).

We acknowledge the dissent's contention that we should decide this case on its merits as it is currently briefed, as the abstract and addendum show that the issues argued on appeal were argued below. However, we do not consider a show-

ing of preservation to be the sole or essential purpose behind Rule 4–2(a)(8). This court has observed that it is impossible for us to make an informed decision on the merits of an appeal in the absence of the pleadings and motions on which the trial court based its decision. *White County v. Cities of Judsonia, Kensett, & Pangburn*, 368 Ark. at 604, 247 S.W.3d at 864 (citing *Branscumb v. Freeman*, 357 Ark. at 645, 187 S.W.3d at 847); *Unum Life Ins. Co. of Am. v. Edwards*, 361 Ark. at 151, 205 S.W.3d at 127. We have previously noted the importance of showing that |₅the issues argued on appeal were properly preserved, but our ability to determine the merits of a case has always been paramount. We are of the opinion that an order of a circuit court cannot be reviewed for error when

---

not required under Rule 4–2(a)(8). Our rebriefing orders in accordance with Rule 4–2(a)(8) have always referred to absent motions and responses as pleadings. *See, e.g., Brock v. Townsell*, 2009 Ark. 81. at 2, — S.W.3d ——, —— (per curiam) (addendum lacked "relevant pleadings essential to an understanding of the case," including motions for summary judgment, responses and replies thereto, and briefs in support thereof); *Neely v. McCastlain*, 375 Ark. 478, 479, 291 S.W.3d 585, 586 (2009) (per curiam) (addendum lacked "relevant pleadings essential to an understanding of the case," including motion for summary judgment and response thereto); *Whiteside v. Russellville Newspapers, Inc.*, 375 Ark. 245, 247, 289 S.W.3d 461, 462 (2008) (per curiam) (addendum lacked "certain pleadings," including brief in support of summary-judgment motion, response to summary-judgment motion and brief in support, reply to response to summary-judgment motion, and response to reply to initial response); *Preston v. Stoops*, 373 Ark. 115, 116, 281 S.W.3d 720, 720 (2008) (per curiam) (addendum lacked "these pleadings," including response to summary-judgment motion and reply to response); *White County v. Cities of Judsonia, Kensett, & Pangburn*, 368 Ark. 603, 604, 247 S.W.3d 863, 863 (2007) (per curiam) (addendum lacked "relevant pleadings," including motion for summary judgment and brief in support and "any of the other plead-

ings considered by the circuit court in reaching its determination"); *Unum Life Ins. Co. of Am. v. Edwards*, 361 Ark. 150, 151, 205 S.W.3d 126, 127 (2005) (per curiam) (addendum lacked "numerous pleadings," including motion for summary judgment and brief in support, response to motion, reply to response, and supplemental response).

2. This court recently declined to order rebriefing in an appeal of a summary judgment, despite the fact that the motion for summary judgment was not included in the addendum. *Bryant v. Hendrix*, 375 Ark. 200, 289 S.W.3d 402 (2008). We chose to accept the case as it was briefed and address the merits because the issues on appeal were strictly questions of law, and there were no facts in dispute. Specifically, the appellants contended that the circuit court erred as a matter of law in ruling that their claims were precluded by the statute of limitations and that the relation-back doctrine does not apply to the substitution of plaintiffs. "On appeal, Appellants do not contend there are disputed issues of fact; rather, they argue the circuit court erred as a matter of law in granting summary judgment on the basis of the statute of limitations." *Id.* at 203, 289 S.W.3d at 404. Such is not the case here, where Bryan argues that the circuit court's interpretation of the contract at issue was flawed.

the addendum fails to include the documents on which the order was based. In such situations, it is impossible for us to make an informed decision on the merits, "let alone determine whether [the] arguments are, in fact, preserved for appeal." *Conlee v. Conlee*, 369 Ark. 178, 179, 251 S.W.3d 306, 307 (2007) (per curiam).

Our position on this issue is not new. *See, e.g., CitiFinancial Retail Servs. Div. of CitiCorp Trust Bank, FSB v. Weiss*, 371 Ark. 421, 266 S.W.3d 740 (2007) (per curiam) (rebriefing ordered in appeal of summary judgment where addendum lacked motions for summary judgment and briefs in support); *Patrick v. State*, 358 Ark. 300, 188 S.W.3d 906 (2004) (per curiam) (rebriefing ordered in appeal of denial of motion to suppress where brief in support of motion to suppress not included); *Moon v. Holloway*, 353 Ark. 520, 110 S.W.3d 250 (2003) (per curiam) (rebriefing ordered in appeal of summary judgment where addendum lacked "summary-judgment pleadings"). We have always shown a preference for a bright-line rule with an objective standard, requiring the inclusion of pleadings and motions that led to the order being appealed, over the subjective test advocated by the dissent.

Because Bryan has failed to comply with our rules, we order him to file a substituted addendum and brief within fifteen days from the date of entry of this order. If Bryan fails to do so within the prescribed time, the orders appealed from may be affirmed for noncompliance with Rule 4–2. After service of the substituted addendum and brief, Appellees shall have an opportunity to revise or supplement their briefs in the time prescribed by the clerk.

Rebriefing ordered.

CORBIN, GUNTER, and DANIELSON, JJ., concur.

BROWN, J., dissents.

DONALD L. CORBIN, Justice, concurring.

While I agree that the present case must be sent back for rebriefing, I must write separately to highlight the fact that, despite the dissent's assertions to the contrary, this court is interpreting and enforcing our rules regarding briefs in a consistent and fair manner. In a case where summary judgment was granted, the motion for summary judgment, one of the essential items for our review, is missing from the addendum.

When this court adopted the current version of Arkansas Supreme Court Rule 4–2(a)(8) requiring the appellant to include an addendum, we did so to ensure that this court had everything before it that was relevant and essential for us to decide an appeal. The dissent now narrowly focuses on the term "pleading" to support its contention that we are becoming "far too technical" in what we deem is essential to properly perform our appellate duties. Characterizing a document a "pleading" is irrelevant. Rule 4–2(a)(8) plainly states that the addendum shall include relevant "pleadings, documents, or exhibits essential to an understanding of the case and the Court's jurisdiction on appeal." While I do not agree with the dissent's exclusion of motions from the definition of pleadings, it does not matter. If a motion, response, or any other document is relevant to our understanding of the case, it must be included in the addendum, regardless of how it is characterized.

The dissent's analysis of what is essential for this court's review is faulty for two reasons. First, the dissent would have this court going to the record to determine whether something is necessary to an appeal. It is axiomatic that there is only one record, and it is impossible for seven judges to examine it. *See, e.g., Hooker v.*

*Farm Plan Corp.*, 331 Ark. 418, 962 S.W.2d 353 (1998). Second, in all of my years as an appellate court judge, I have never thought it sufficient to have the "essence" of what was before the trial court. In order to make an informed decision about an appeal, I need the benefit of the exact things the trial court relied on in making its decision. That is what Rule 4–2(a)(8) intended, and that is what this court has consistently required.

I do not believe for one second that the attorneys in this state want us to rely on an opposing party's description, allusion to, or summary of a motion, response, or document filed with the circuit court.[1] Both sides to an appeal expect us to fully understand the *case* before making our decision, and we can only do this when the parties present us with all the items necessary to bring about that understanding. While the litigants may not be pleased when a case is slightly delayed, I believe that justice delayed is far better than justice in "essence."

GUNTER and DANIELSON, JJ., join in this concurrence.

ROBERT L. BROWN, Justice, dissenting.

I write to underscore a disturbing trend in this court and that is the number of cases we are sending back for rebriefing. That number has increased dramatically in the last two years and is on track in 2009 to exceed the number of rebriefings ordered in 2008. No doubt sloppy preparation by counsel for appellants has caused most of these returns. But I fear, based on today's decision, that my court has become far too strict in its application of the abstract rule, and particularly the addendum rule set out in Supreme Court Rule 4–2(a)(8), and has gone far beyond what that rule requires. In doing so, we have crafted yet another procedural pitfall for the appellate lawyer, which in my judgment is largely unnecessary. We have also increased the cost of appeals due to the extra legal work required and caused delay in the resolution of these cases.

Let me hasten to add that I have been a part of sending these cases back for rebriefing, and so it is not my intention to disparage the court. Nevertheless, this case highlights the fact that we have become too strict in applying our rules.

The core problem, and the essence of my dispute today with other members of this court, is whether a particular response to a motion is "a pleading." Secondly, I raise the question of whether a response needs to be included in the addendum when the issues raised in that absent response can be determined from other motions and replies in the brief, the abstract of the hearing, or the order of the court. In the instant case, the absent response is a response to motion for summary judgment.

The rule relied on in the per curiam provides that our addendum shall include copies "of the order, judgment, decree, ruling, letter opinion ... along with any other *relevant pleadings*, documents, or *exhibits essential to an understanding of the case* ...." Ark. Sup.Ct. R. 4–2(a)(8) (2008) (emphasis added). That rule is in-

---

1. The dissent's current position that we can rely on one side's summary of a case is wholly contrary to the position taken in *Latta v. State*, 350 Ark. 488, 88 S.W.3d 833 (2002). There, the same dissenting justice opposed the majority's purported reliance on the State's brief to reverse a circuit court's decision, stating that "[t]he result of all this is that the principle of decision-making based on the adversary system has gone by the boards." This begs the question: Is it an adversary system if we rely on a party's summary of the opposing party's arguments, responses, and replies?

apposite to these facts. A response to a motion for summary judgment is not a pleading. Ark. R. Civ. P. 7(a); David Newbern & John J. Watkins, 2 *Arkansas Practice Series: Civil Practice and Procedure* § 11:1 (4th ed.).

It has never been this court's requirement in our rules that *every* motion and response before the trial judge be included in the addendum. That is the reason we adopted the rule in 2001 to require other *relevant pleadings* "essential to an understanding of the case." *In re Modification of the Abstracting System—Amendments to Supreme Court Rules 2–3, 4–2, 4–3, and 4–4*, 345 Ark. App'x 626, 627 (2001) ("The recurring theme in the comments and at the heart of the Committee's proposal was the need for appeals to be decided on the merits."). 10The reason for that is obvious. As appellate judges, we need only have what is essential to our understanding of those issues before us on appeal, not every motion and response.

It is equally important for us to know that the issues and arguments raised to us on appeal were raised to the trial judge. In certain cases, that can be determined from the order or judgment or even from a listing of those issues and arguments in a reply, as occurred in the instant case.[1] We go too far, however, when we require every motion and response to be included in the addendum. But that is the direction in which this court is going. It almost behooves an appellate attorney now to abstract all hearings and the complete trial and to include every pleading, motion, response, and brief in the addendum to pro-

tect himself or herself from a rebriefing order.

The per curiam issued by my court today avoids any analysis or explanation for why the absent response is essential to our appeal. What follows is a point-by-point explanation of why the addendum and supplemental addendum pass muster and present issues ripe for our review in this case.

- Appellant Bryan did not include his amended complaint, which added a claim against Cotter and Gassville for breach of implied warranty. However, that 11claim is not an issue in this appeal and need not be included in the addendum.
- The first issue on appeal relates to whether the statute of limitations begins to run at the time of occurrence or discovery. Though appellant Bryan's response to appellee Grubbs, Hoskyn's motion for summary judgment is not in either addendum, appellee Grubbs, Hoskyn spends seven pages in its reply to that response describing what was in the response and responding to it. *See* supplemental addendum pp. 33–39. By anyone's measure, that sufficiently describes the response and tells us what was argued to the trial judge. In short, appellee Grubbs, Hoskyn cured that omission. Furthermore, appellant Bryan argued its position to the trial judge at the hearing, and that argument is abstracted in pages 1 through 7.
- The next issue on appeal relates to exculpatory language found in the con-

---

1. This court has stated on numerous occasions that we can go to the record to affirm a circuit court order or judgment even when the pertinent pleadings, motions, and documents are not abstracted or placed in the addendum. *See, e.g., Allen v. Allison*, 356 Ark. 403, 155 S.W.3d 682 (2004). That principle begs the question of when going to the record to affirm could be invoked if all essential pleadings, motions, and documents necessary for our review must be either abstracted or placed in the addendum on the front end in order for the briefs to be compliant with our rules. At the very least, this is another area that must be clarified by this court.

tract at issue in provisions SC 26 and SC 7, on which appellee relies. Appellant Bryan's counsel, at abstract page 16, alludes to both special conditions. But more importantly, appellee Grubbs, Hoskyn's reply to appellant Bryan's response details Bryan's arguments regarding provisions SC 26 and SC 7 and then responds to those arguments. *See* supplemental addendum pp. 70–78.

- Regarding *quantum meruit,* the supplemental addendum does include appellant Bryan's complaint, which fully describes Bryan's claim for *quantum meruit* relief. *See* supplemental addendum p. 8. The cities and Garver also refer to Bryan's *quantum meruit* claim and argue against it at the summary-judgment hearing. *See* abstract p. 16.

I firmly believe that it is the obligation of this court to decide cases when the *essence* of what was before the trial judge has been abstracted and placed in the addendum. Our emphasis should be on analyzing whether an absent response is essential to an appeal when it has been adequately described in another motion or reply or the order, rather than automatically ordering rebriefing with the added expense and delay that occasions. We did the correct analysis recently, as the per curiam acknowledges, in affirming summary judgment when the motion for summary judgment was not included in the addendum and we decided the motion was not essential. *See Bryant v. Hendrix,* 375 Ark. 200, 289 S.W.3d 402 (2008). We should do the same analysis in every case for an absent motion or response. Clearly, we did not do an analysis in the case at hand. Again, motions and responses are not pleadings.

What the opinions today illustrate is the need to amend our Supreme Court Rules, and specifically Rule 4–2(a)(8), to detail precisely what needs to be included in the addendum. The per curiam says *individual* orders for rebriefing from the court have referred to absent motions and responses in addition to "relevant pleadings." But Rule 4–2(a)(8) does not require that.

Perhaps, more importantly, we need to explain to the bar, in light of today's per curiam, that even though other motions, replies, and the order in the case may describe the issues raised to the trial court, that is not enough. This court wants all filings, including briefs and an abstract of the hearing that touch and concern the issues before this court, to be included in the abstract and addendum, even though that information can be gleaned from other filings.

Without such amendments to our rules, the orders for rebriefing will continue to mushroom (there have already been twelve since last August), and confusion will persist.

For all of these reasons, I respectfully dissent.