SLIP OPINION

Cite as 2017 Ark. 225

# SUPREME COURT OF ARKANSAS

**No.** CV-16-488

| | | |
|---|---|---|
| | | **Opinion Delivered:** June 22, 2017 |
| DEBRA L. MASON | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60DR-10-1318] |
| V. | | |
| CHARLES F. MASON | APPELLEE | HONORABLE VANN SMITH, JUDGE |
| | | <u>CERTIFIED QUESTION ANSWERED; REMANDED TO THE COURT OF APPEALS</u>. |

**SHAWN A. WOMACK, Associate Justice**

Debra Mason appeals from an order in the Pulaski County Circuit Court terminating her previous alimony award pursuant to Ark. Code Ann. § 9-12-312(a)(2)(D) (Repl. 2015). She argues that the statute may not be applied retroactively to divorce decrees entered prior to a statutory amendment, the statute is unconstitutionally vague, and the circuit court's previous order stated the only grounds upon which alimony would terminate, rendering the statute inapplicable.[1] We accepted certification of this case from the court of appeals on the basis that it involves issues of first impression; significant issues needing clarification or development of the law; and substantial questions of law concerning the validity, construction, or interpretation of an act of the General Assembly. *See* Ark. Sup. Ct. R. 1-

---

[1] Appellant also argues that the circuit court erred in its initial alimony award and failure to later modify the award based on a change in circumstances. Additionally, she challenges the circuit court's determination that a retirement account was nonmarital property.

2(b)(1), (5), & (6); Ark. Sup. Ct. R. 1–2(d). We hold that the mandatory termination language in the statute does not apply retroactively to automatically terminate alimony awards entered before the 2013 amendment. We therefore remand to the court of appeals to address the merits.[2]

On March 24, 2010, Charles Mason filed a complaint for divorce in the Pulaski County Circuit Court. On August 4, 2011, the court entered a divorce decree and noted that Charles is a physician who makes between $350,000 to $380,000 per year, while Debra, who has an accounting degree, had not worked substantially during the marriage and made approximately $39,000 per year. Considering the economic discrepancy, the court awarded Ms. Mason $3,500 per month for thirty-six months and then $1,500 for an additional sixty

---

[2] We note that the briefs the court of appeals certified to us are deficient. The appellee raised his statutory argument in a motion for summary judgment. Debra filed a response and Charles filed an additional reply. The circuit court held a hearing on May 5, 2014, and issued an order on June 17, 2014, denying the appellee's motion for summary judgment. None of the mentioned pleadings, hearings, orders, or briefs and exhibits are included in the abstract or addendum.

Our rules require that the parties include in the abstract and addendum everything that is essential to our understanding and ability to decide the issues on appeal. *See* Ark. Sup. Ct. R. 4–2(a)(5), (8) (2016). We typically require rebriefing when the briefs are insufficient for us to address the merits. Ark. Sup. Ct. R. 4–2(b) (2016); *Unum Life Ins. Co. of Am. v. Edwards*, 361 Ark. 150, 152, 205 S.W.3d 126, 127 (2005). We nevertheless did not order rebriefing from this court because we were able to answer the certified question without the additional information. We remand to the court of appeals to address the briefing deficiencies and the underlying merits of the case. It is unfortunate that this case was certified to our court in its current state. We note that with twelve judges, twenty-four law clerks, and four staff attorneys, the court of appeals has sufficient resources to spot such deficiencies. In the future, we expect the court of appeals to ensure that the briefs comply with our rules prior to certifying a case to this court.

months or until she remarried.[3] On February 5, 2014, Debra filed a motion to modify the alimony award, and Charles responded that, based on a revision to Ark. Code Ann. 9-12-312(a)(2), his obligation to pay alimony terminated as an operation of law when she began living with her boyfriend. Debra responded by arguing that applying a 2013 statute to a 2011 divorce decree would apply the statute retroactively, the statute was unconstitutionally vague, and the court "otherwise ordered" that the alimony award would not terminate.

On August 1, 2014, the circuit court entered an order finding that the statute was not unconstitutionally vague, that Debra and her boyfriend cohabitated full-time, and that she was not entitled to any increase in alimony. On October 29, 2014, the circuit court held that applying the act to the divorce decree would not have a retroactive effect and that Charles' obligation to pay alimony ceased as a matter of law. Debra appealed, but the court of appeals dismissed for lack of a final order. *Mason v. Mason*, 2015 Ark. App. 644. The circuit court entered a final order on February 23, 2016, and Debra timely appealed that order.

*Retroactive Application*

The relevant statute provides:

> Unless otherwise ordered by the court or agreed to by the parties, the liability for alimony shall automatically cease upon the earlier of:

> (D) The living full time with another person in an intimate, cohabitating relationship.

---

[3] Appellant appealed the circuit court's order but the court of appeals dismissed her appeal for lack of a final order. *Mason v. Mason*, 2012 Ark. App. 393.

Ark. Code Ann. § 9-12-312(a)(2)(D) (Repl. 2015). The circuit court determined that applying the statute to the divorce decree would not amount to retroactive application because it would only affect future alimony payments. *See Bethell v. Bethell*, 268 Ark. 409, 415, 419, 597 S.W.2d 576, 579, 581 (1980) (entitlement to alimony vests "as the payments accrue" and a cause of action and right to payment accrues as of that date).

Retroactivity is a matter of legislative intent. *Bean v. Office of Child Support Enf't*, 340 Ark. 286, 296, 9 S.W.3d 520, 526 (2000). Generally, statutes are construed as having only a prospective operation, unless the purpose and intention of the legislature to give them a retrospective effect is expressly declared or is necessarily implied from the language used. *Bolin v. State*, 2015 Ark. 149, at 4, 459 S.W.3d 788, 791; *Bean*, 340 Ark. at 296, 9 S.W.3d at 526; *Gannett River States Pub. Co. v. Ark. Judicial Discipline & Disability Comm'n*, 304 Ark. 244, 248, 801 S.W.2d 292, 295 (1990). In the absence of such legislative intent, we have observed a strict rule of construction against retroactive operation and indulge in the presumption that the legislature intended statutes, or amendments thereof, to operate prospectively only. *Evans v. Hamby*, 2011 Ark. 69, at 11, 378 S.W.3d 723, 730.

Here, rather than analyzing for a change in circumstances that would cause it to exercise its sound discretion to terminate alimony, the circuit court's order applied a 2013 statutory amendment to automatically terminate the alimony provision of its previous divorce decree based on a ground that did not require automatic termination when the decree was entered. This termination as a matter of law amounted to a retroactive application of the current statute. Neither party argues, and nothing in the statute or the legislative history indicates, that the General Assembly intended for this statute to apply to

previous alimony awards. *See* Ark. Code Ann. § 9-12-312; Act 1487 of 2013. We therefore hold that Act 1487 does not automatically terminate alimony awards entered before August 16, 2013.

Our analysis today is limited to the certified question concerning the mandatory automatic-termination language of the statute and places no limitation on a circuit court's historic ability to alter or terminate its own alimony awards based on changed circumstances, including cohabitation in an intimate relationship. *See* Ark. Code Ann. § 9-12-314 (Repl. 2015); *Bracken v. Bracken*, 302 Ark. 103, 105, 787 S.W.2d 678, 679 (1990).

Having answered the certified question, we remand the case to the court of appeals to address the merits and all other unaddressed issues on appeal.[4] *Bales v. City of Fort Smith*, 2017 Ark. 161, ___ S.W.3d. ___.

Certified question answered; remanded to the court of appeals.

KEMP, C.J., dissents.

**JOHN DAN KEMP, Chief Justice, dissenting.** The majority has answered a certified question, which involves an issue of statutory interpretation that was argued by the parties in the circuit court, and has remanded the case to the court of appeals to address the merits. Because appellant Debra Mason has submitted a brief with a deficient abstract and

---

[4] The court of appeals additionally certified questions regarding whether the statute is unconstitutionally vague and whether the circuit court "otherwise ordered" the conditions on which alimony would terminate such that Ark. Code Ann. § 9-12-312(a)(2)(D) was inapplicable. We decline to address these questions. First, since we have already concluded that the mandatory termination provision of the statute does not apply retroactively to automatically terminate the alimony award, we decline to further address the constitutionality of the statute. Second, whether the circuit court "otherwise ordered" when alimony would terminate is a question of fact that turns on the merits rather than an issue of statutory interpretation that we must resolve.

addendum in violation of Arkansas Supreme Court Rule 4–2(a)(5), (8) (2016), I would order rebriefing before this court answers the certified question. For this reason, I respectfully dissent.

Rule 4–2(a)(8) of the Arkansas Supreme Court Rules provides that the addendum contained in the brief must include copies of all documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. Specifically, the addendum must include "all motions . . . responses, replies, exhibits, and related briefs, concerning the order, judgment, or ruling challenged on appeal." Ark. Sup. Ct. R. 4–2(a)(8)(A)(i). Further, pursuant to Rule 4–2(b)(3), this court affords an appellant the opportunity to cure any deficiencies by filing a substituted brief.

We have consistently ordered rebriefing in appeals of summary-judgment orders when the appellant fails to include in the addendum the motion for summary judgment, the opposing party's response to the motion, the moving party's reply to the response, and any briefs in support. *See, e.g.*, *Skalla v. Canepari*, 2013 Ark. 249 (per curiam) (rebriefing ordered to include in the abstract the deposition testimony attached as an exhibit to the motion for summary judgment); *Kennedy v. Morales*, 2013 Ark. 41 (per curiam) (rebriefing ordered for lack of cross-motions for summary judgment, briefs, and replies in the addendum); *Grand Valley Ridge v. Metropolitan Nat'l Bank*, 2010 Ark. 211 (per curiam) (rebriefing ordered for lack of motion for summary judgment, responses, replies, and briefs in support); *Bryan v. City of Cotter*, 2009 Ark. 172, 303 S.W.3d 64 (per curiam) (rebriefing ordered for failure to include in the addendum the motion for summary judgment, response, reply, and briefs in

support); *Meyer v. CDI Contractors, LLC*, 2009 Ark. 115, 313 S.W.3d 519 (per curiam) (rebriefing ordered for failure to include in the record and addendum the brief in support of response to motion for summary judgment); *Neely v. McCastlain*, 375 Ark. 478, 291 S.W.3d 585 (2009) (per curiam) (rebriefing ordered for failure to include in the addendum appellees' joint motion for summary judgment and the response); *Whiteside v. Russellville*, 375 Ark. 245, 289 S.W.3d 461 (2008) (per curiam) (rebriefing ordered because the addendum lacked a brief in support of the motion for summary judgment, responses, and replies); *Preston v. Stoops*, 373 Ark. 115, 281 S.W.3d 720 (2008) (per curiam) (rebriefing ordered when appellant failed to include the motion for summary judgment); *CitiFinancial Retail Servs. Div. of CitiCorp Trust Bank, FSB v. Weiss*, 371 Ark. 421, 266 S.W.3d 740 (2007) (per curiam) (rebriefing ordered in appeal of summary judgment where addendum lacked motions for summary judgment and briefs in support).

In the case at bar, appellee Charles Mason raised his argument to terminate alimony, pursuant to Arkansas Code Annotated section 9-12-312(a)(2)(D) (Repl. 2015), in his motion for summary judgment. Debra filed a response, and Charles replied. The circuit court held a hearing and subsequently entered an order denying Charles's motion for summary judgment. Debra's addendum does not contain these essential pleadings and the order. Debra also failed to abstract the circuit court's summary-judgment hearing, in violation of Arkansas Supreme Court Rule 4-2(a)(5).

Now this court answers a certified question involving an issue of statutory interpretation without the benefit of these relevant pleadings and the abstracted hearing before it. This court has stated that it is axiomatic that there is only one record, and it is

impossible for seven judges to examine it. *See, e.g.*, *Unum Life Ins. Co. of Am. v. Edwards*, 361 Ark. 150, 205 S.W.3d 126 (2005). More significant, it is Debra's burden to provide us with a brief that allows us to understand, in this instance, the statutory issue presented to this court. *See, e.g.*, *Meyer v. CDI Contractors, LLC*, 2009 Ark. 304, 318 S.W.3d 87. Because Debra has failed to comply with our rules, and in an effort to be consistent with our precedent, I would order rebriefing. Therefore, I dissent.

*James Law Firm*, by: *Bobby R. Digby II*, for appellant.

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, LTD.*, by: *Sam Hilburn* and *Scott Hilburn*, for appellee.