Special Justice Lee Watson joins in this opinion.
Hart, J., dissents.
Kemp, C.J., not participating.
Josephine Linker Hart, Justice, dissenting.
*542 I dissent. The majority has affirmed this case ostensibly because "the record in this case does not include a copy of the judgment originally entered in Force's criminal case in which she was originally sentenced to pay the fine or fines at issue." Summary affirmance for this reason was abolished nearly two decades ago when Arkansas Supreme Court Rule 4-2 was amended to allow an appellant to fix a deficiency.
If the majority believes that it is unable to reach the merits due to missing documents, the proper disposition of this case is to decline to consider the case on the merits and order the appellant to cure the deficiency. See, e.g. , Bryan v. City of Cotter , 2009 Ark. 172, 303 S.W.3d 64 ; Ark. Sup. Ct. R. 4-2(b).[1]

(b) Insufficiency of Appellant's Abstract or Addendum. Motions to dismiss the appeal for insufficiency of the appellant's abstract or addendum will not be recognized. Deficiencies in the appellant's abstract or addendum will ordinarily come to the court's attention and be handled in one of three ways as follows:
(1) If the appellee considers the appellant's abstract or addendum to be defective, the appellee's brief should call the deficiencies to the court's attention and may, at the appellee's option, contain a supplemental abstract or addendum. When the case is considered on its merits, the court may upon motion impose or withhold costs, including attorney's fees, to compensate either party for the other party's noncompliance with this rule. In seeking an award of costs under this paragraph, counsel must submit a statement showing the cost of the supplemental abstract or addendum and a certificate of counsel showing the amount of time that was devoted to the preparation of the supplemental abstract or addendum.
(2) If the case has not yet been submitted to the court for decision, an appellant may file a motion to supplement the abstract or addendum and file a substituted brief. Subject to the court's discretion, the court will routinely grant such a motion and give the appellant fifteen days within which to file the substituted abstract, addendum, and brief. If the appellee has already filed its brief, upon the filing of appellant's substituted abstract, addendum, and brief, the appellee will be afforded an opportunity to revise or supplement its brief, at the expense of the appellant or the appellant's counsel, as the court may, upon motion, direct.
(3) Whether or not the appellee has called attention to deficiencies in the appellant's abstract or addendum, the court may address the question at any time. If the court finds the abstract or addendum to be deficient such that the court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the rule.
(4) If the appellate court determines that deficiencies or omissions in the abstract or addendum need to be corrected, but complete rebriefing is not needed, then the court will order the appellant to file a supplemental abstract or addendum within seven calendar days to provide the additional materials from the record to the members of the appellate court.
(c) Noncompliance. (1) Briefs not in compliance with the format required in Rules 4-1 and 4-2 shall not be accepted for filing by the Clerk. When a party submits a noncompliant brief on time that substantially complies with the rules governing briefs, the Clerk shall mark the brief "tendered," grant the party a seven-day compliance extension, and return the brief to the party for correction. If the party resubmits a compliant brief within seven (7) calendar days, then the Clerk shall accept that brief for filing on the date it is received.