## Johnny STUART *v.* ARKANSAS WELL WATER CONSTRUCTION COMMISSION

00-840                                    37 S.W.3d 573

Supreme Court of Arkansas
Opinion delivered January 18, 2001

*Appellant,* pro se.

*A. Mark Bennett III* and *Edward C. Swaim*, for appellee.

ANNABELLE CLINTON IMBER, Justice. Johnny Stuart, appearing *pro se*, appeals the order of the Lawrence County Circuit Court affirming the decisions of the Arkansas Water Well Construction Commission in two consolidated cases. Mr. Stuart was ordered by the Commission to pay civil penalties in the aggregate amount of $2,500 for violations of Commission regulations. He appeals, arguing that (1) he was deprived of his constitutional right to a trial by jury; (2) he is not bound by the Commission's regulations; (3) the Commission was operating unconstitutionally; and, (4) he was not properly served notice of the alleged violations. Appellate review of Arkansas Water Well Construction Commission decisions is governed by the Administrative Procedure Act. Ark. Code Ann. §§ 17-50-106 (Repl. 1995); 25-15-201 *et seq.* (Repl. 1998).

█ We are unable to reach the merits of Mr. Stuart's arguments in this matter because the abstract on appeal is flagrantly deficient. *See* Ark. Sup. Ct. R. 4-2(b). An abstract must contain "such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to the Court for decision." Ark. Sup. Ct. R. 4-2(a)(6).

█ A summary of the pleadings and the order from which appeal is taken are the bare essentials of an abstract. *D. Hawkins, Inc. v. Schumacher*, 322 Ark. 437, 439, 909 S.W.2d 640, 641 (1995). In a civil case, the notice of appeal is also essential because it allows the appellate court to determine whether jurisdiction is proper. *Johnson v. State*, 342 Ark. 357, 364, 28 S.W.3d 286, 290 (2000). Finally, the agency's findings of fact and conclusions of law are essential elements of an abstract in any appeal governed by the Administrative Procedure Act because appellate review is directed toward the decision of the agency, not that of the trial court. *Bohannon v. Arkansas State Bd. of Nursing*, 320 Ark. 169, 170, 895 S.W.2d 923 925 (1995); *Arkansas St. Bank Comm'r v. Bank of Marvell*, 304 Ark. 602, 604-05, 804 S.W.2d 692, 693 (1991); Ark. Code Ann. § 25-15-201 *et seq.* *Pro se* appellants are held to the same abstracting standards as attorneys. *Qualls v. White*, 342 Ark. 681, 683, 30 S.W.3d 735, 736 (2000).

Mr. Stuart's abstract is flagrantly deficient because it does not contain any of the necessary elements listed above. He did not abstract the notice of appeal that demonstrates proper jurisdiction in this court, the Commission's findings of fact and conclusions of law filed on August 25, 1999, or the Commission's findings of fact and conclusions of law filed on September 7, 1999. Mr. Stuart filed only an incomplete abstract of the notices of appeal to the circuit court arising out of the aforementioned orders of the Commission.

Further deficiencies in Mr. Stuart's abstract include his failure to abstract the adjudication hearing that occurred before the Commission on July 9, 1999. Although the supplemental abstract supplied by the appellee contains excerpts of testimony from this hearing that it contends support the Commission's findings, Mr. Stuart does not abstract the arguments that were made to the Commission at that hearing. Mr. Stuart did present a partial abstract of the September 3, 1999 hearing before the Commission, but it is also incomplete because significant portions of the arguments made to the Commission on that date have not been abstracted. Finally, the January 4, 2000 motion hearing in the Lawrence County Circuit Court is not abstracted.

Although Mr. Stuart did abstract the briefs that he filed in this action, we are unable to discern from the abstract when those briefs were filed or at what level of the proceedings they were filed. If Mr. Stuart filed his briefs at the Commission, the abstract does not reveal whether the briefs were filed in both of the administrative actions that we have been asked to review.

In sum, we cannot discern from this record whether Mr. Stuart preserved his arguments for review or determine the factors that led to the decisions below. *See D. Hawkins, Inc., v. Schumacher, supra.* Because the abstract does not contain all of the information necessary to our resolution of the issues presented, we must summarily affirm the rulings of the Commission.

Affirmed.