Guy MOON *v.* Bill R. HOLLOWAY and John P. Lewis

02-1349                                                 110 S.W.3d 250

Supreme Court of Arkansas
Opinion delivered June 9, 2003

*Appellant*, pro se.

*Howard Holthoff*, for appellee Bill R. Holloway.

*Wright, Lindsey & Jennings*, by: *Justin T. Allen*, for appellee John P. Lewis.

PER CURIAM. ■ *Pro se* appellant Guy Moon appeals from a decision of the Desha County Circuit Court granting summary judgment to the appellees and dismissing his complaint with prejudice. This case was submitted for decision on June 5, 2003. Upon reviewing the materials included in Mr. Moon's abstract and addendum, it is apparent that both are deficient in that the hearing held on appellees' motions for summary judgment is not abstracted in accordance with our rules, nor are the summary-judg-

ment pleadings included in Mr. Moon's addendum. Also lacking are any abstract of testimony and all relevant pleadings that would assist the court in understanding the course of legal action taken by Mr. Moon which gave rise to his suit against Holloway and Lewis. *Pro se* appellants are held to the same standards in preparing their briefs as attorneys. *See Stuart v. Arkansas Well Water Constr. Comm'n,* 343 Ark. 369, 37 S.W.3d 573 (2001). Accordingly, we are deferring action on this appeal until Mr. Moon fully complies with the provisions of Ark. Sup. Ct. R. 4-2.

Supreme Court Rule 4-2(b)(3) explains the procedure to be followed when an appellant has failed to supply this court with a sufficient brief. The rule provides:

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

Ark. R. Sup. Ct. 4-2(b)(3) (2003).

■ We hereby order the appellant to submit a substituted brief that contains a revised abstract that includes an abstract of the hearing granting appellees' motions for summary judgment as well as all material parts of the colloquies between the court and counsel necessary to an understanding of all questions presented to the court for decision. Appellant should also include in the addendum any pleadings essential to an understanding of the case. Both the abstract and addendum should include any relevant portions of Mr. Moon's

original lawsuit giving rise to his action against the appellees which are necessary for this court to understand the basis for his claims. Appellant is directed to file the substituted brief within fifteen days from the entry of this order. Mere modifications of the original brief will not be accepted. *See* Ark. Sup. Ct. R. 4-2(b)(3). According to Rule 4-2(b)(3), if appellant fails to file a complying abstract and addendum within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

After service of the substituted brief on the appellees, the appellees shall have an opportunity to file a responsive brief in the time prescribed by the Supreme Court Clerk, or to rely on the appellees' brief which they have previously filed in this appeal.

Rebriefing ordered.

CORBIN, J., not participating.