James C. BRANSCUMB *v.* Clinton FREEMAN

04–147                                                    187 S.W.3d 846

Supreme Court of Arkansas
Opinion delivered June 10, 2004

*Becky D. McHughes*, for appellant.

No response.

PER CURIAM. Appellant James C. Branscumb appeals the decision of the Jefferson County Circuit Court granting a

motion to dismiss. Mr. Branscumb sued both Jonathan D. Bell and Clinton Freeman for negligence.[1] The trial court found that Appellee Clinton Freeman was sued by Mr. Branscumb solely on the basis that he owned an uninsured motorcycle that separate defendant, Jonathan Bell, was driving when he was alleged to have negligently driven into a vehicle owned by Mr. Branscumb. The trial court concluded that the negligence alleged against Mr. Freeman for Mr. Bell's actions does not rise to a cause of action under Arkansas law.

Although not raised by the appellee, we do not reach the merits of Mr. Branscumb's case because of a failure to comply with our addendum requirements. *See* Ark. Sup. Ct. R. 4-1 and 4-2 (2004). We may raise issues of deficiencies *sua sponte*. Ark. Sup. Ct. R. 4-2(b)(3) (2004). We note that Mr. Branscumb's addendum contains nothing but a copy of the order entered by the trial court dismissing the case against Mr. Freeman. There is no abstract, other than a note that there were no hearings and judgment was entered on the pleadings pursuant to Ark. R. Civ. P. 12(b)(6). However, the addendum did not include the complaint, the motion to dismiss or any response to it, or the notice of appeal.

It is a practical impossibility for seven justices to examine a single record filed with this court, and we will not do so. *City of Dover v. City of Russellville*, 351 Ark. 557, 95 S.W.3d 808 (2003). Arkansas Supreme Court Rule 4-2(a)(8) requires that the Addendum *shall* include true and legible photocopies of, among other things, the relevant pleadings, documents, and exhibits that are essential to an understanding of the case and the court's jurisdiction on appeal. In the absence of the pleadings and motions on which the trial court based its decision, it is impossible for the court to make an informed decision on the merits of this case. Furthermore, without a notice of appeal in the addendum, we cannot determine whether this court has jurisdiction to decide this case.

Because Mr. Branscumb's brief fails to include the relevant documents and the notice of appeal, we find it to be deficient such that we cannot reach the merits of the case.

---

[1] Mr. Branscumb previously appealed the dismissal of his case against Mr. Freeman, and the Arkansas Court of Appeals, in an unpublished opinion, dismissed his appeal for lack of a final order because the claim against separate defendant Jonathan Bell was still pending. *See Branscumb v. Freeman*, No. CA02-1030 (Ark. App. Sept. 17, 2003). The trial court disposed of the case against Defendant Bell by summary judgment entered November 12, 2003.

Therefore, Mr. Branscumb has fifteen days from the date of this opinion to file a substituted addendum to conform to Rule 4-2(a)(8). *See In re: Modification of the Abstracting System — Amendments to Supreme Court Rule 2-3, 4-2, 4-3, and 4-4*, 345 Ark. Appx. 626 (2001) (per curiam); Ark. Sup. Ct. R. 4-2(b)(3) (2004). If Mr. Branscumb fails to file a complying addendum within the prescribed time, the judgment may be affirmed for noncompliance with the Rule. *Id.* After service of the substituted brief on the appellee, the appellee shall have an opportunity to file a responsive brief in the time prescribed by the Supreme Court Clerk, or to rely upon the appellee's brief that was previously filed in this appeal. *See* Ark. Sup. Ct. R. 4-2(b)(3); *Moon v. Holloway*, 353 Ark. 520, 110 S.W.3d 250 (2003).[2]

---

[2] We note that the time afforded the appellant to provide a substituted addendum and for the appellee to respond with a revised brief, if he so desires, will extend beyond the date of our last submission for this term, June 17, 2004. Therefore, this case will necessarily be re-set for submission in the 2004-2005 term of this court.