Rita RAWLES and James Rawles *v.*
ARKANSAS DEPARTMENT of HUMAN SERVICES

CA 04-1096                                        202 S.W.3d 547

Court of Appeals of Arkansas
Opinion delivered February 9, 2005

*Linda Carol Ward*, for appellants.

*Gray Allen Turner* of Ark. Dep't of Human Servs., for appellee.

Pᴇʀ Cᴜʀɪᴀᴍ. The Arkansas Department of Human Services (ADHS) has filed a "Motion for Compliance" requesting that we order the appellants to abstract portions of the record that they have not included in their brief. ADHS contends that appellants' abstract is deficient because they have abstracted only one of seven hearings that were held by the trial court. ADHS argues that we should require appellants to abstract the testimony from all seven hearings that are included in the record. We deny the motion.

In their notice of appeal, appellants designated an abbreviated record as their record on appeal, specifying that "the record, proceedings, and evidence from the January 30, 2004 termination hearing only" be contained in the record on appeal. ADHS then designated the entire record of the case as the record on appeal, stating:

> 4. The Department of Human Services designates the entire record of the case, including, but not limited to:
>
> a. Testimony, closing and opening statements, judicial findings evidence, case plans, court reports, CASA reports, affidavits, motions, letters, pleadings, briefs, evidence that was proffered, orders, notices, interrogatories, police reports, and medical records.
>
> 5. The testimony and other items designated should be included from the
>
> a. Probable Cause Hearing, Adjudication Hearing, Review Hearings, Permanency Planning Hearings, Termination Hearing, and any other miscellaneous hearings in this case.
>
> 6. Additionally, if the trial court, at any hearing during the case, took judicial notice of any other dependency-neglect, delinquency, FINS or other case identified by docket number, the Appellee also designates all pleadings, testimony and evidence from that case or any portion of that case identified and considered by the trial court.

It is ADHS's position that this court should now order appellants to include in their brief an abstract, not just of that portion of the record that they designated, but an abstract of the entire record as additionally designated by ADHS. We do not agree. As we said in *Cobbs v. Arkansas Dep't of Human Servs.*, 87 Ark.

App. 188, 189 S.W.3d 487 (2004) (review denied), under Ark. R. App. P.–Civ. 3(e), an appellant may designate in his or her notice of appeal only specific portions of oral testimony or proceedings as a part of the record on appeal; under Ark. R. App. P.–Civ. 3(g), where an appellant designates less than the complete record, "he shall serve with his notice of appeal and designation a concise statement of the points on which he intends to rely on appeal"; and under Ark. R. App. P.–Civ. 6(b), when an appellant has designated less than the entire record, an appellee who deems a transcript of other parts of the proceedings to be necessary, shall, within ten (10) days, designate additional parts to be included in record. Although Ark. R. App. P.–Civ. 6(b) requires an appellant to order from the court reporter only "such parts of the proceedings as he has designated in the notice of appeal . . . ," it is clear that under the rule, the appellant must also "direct the reporter to include in the transcript all testimony designated by the appellee."

From our examination of the record, it appears that appellants and ADHS have complied with the above-discussed rules. Specifically, appellants designated only the termination hearing of January 30, 2004, as their record on appeal and specified three points upon which they intend to rely. ADHS timely designated the entire record as its additional record. Consequently, the court reporter has transcribed the entire record, consisting of seven volumes, and apparently including transcripts of the seven hearings referred to in ADHS's motion.

The gravamen of ADHS's motion is that appellants have now filed their brief and included therein only an abstract of the January 30, 2004, termination hearing, which is the only part of the record that they designated as their record in the notice of appeal; therefore, appellants have not abstracted six of the seven hearings that made up the proceedings below. ADHS argues that we should require appellants to include in their brief an abstract of the other six hearings, as well as everything else that ADHS designated as an additional record. We disagree. With the exception of the requirement that an appellant's addendum must demonstrate that the appellate court has jurisdiction over an appeal, *Branscum v. Freeman*, 357 Ark. 644, 187 S.W.3d 846 (2004), Ark. R. Sup. Ct. 4-2(a)(8) (2004), we do not agree that it is the function of the appellate court to dictate to an appellant what parts of the record he or she must designate as his or her record, or what parts of the designated record the appellant must include in the abstract. As we said in *Cobbs v. Arkansas Dep't of Human Servs.*, *supra*, "Rule

6(b) clearly permits the appellant in civil cases to determine, at his own risk, what parts of the record in the trial court he considers necessary for the prosecution of his appeal, subject to the right of the appellee to designate additional parts of the record to be included. . . ." *Id.*, slip op. at 13.

ADHS correctly observes the long-established rule that "where the proceedings had before the trial court are not preserved and brought forward in the record, the appellate court must presume that the absent material was sufficient to support the trial court's findings and decree." *Arkansas Dep't of Human Servs. v. Southerland*, 65 Ark. App. 97, 103, 985 S.W.2d 336, 339 (1999). We find no inconsistency between this rule and our holding in *Cobbs, supra,* that an appellant decides, at his own risk, what to designate as his record and what to include in his abstract. Obviously, if an appellant fails to designate or abstract portions of the record that are essential to our understanding of the questions presented to us for decision on appeal, he will not likely prevail. If an appellant's designated record or abstract omits transcripts of proceedings, orders, documents, or evidence in any form that is inimical to his or her arguments on appeal, the appellee is free to designate additional parts of the record and, in appellee's brief, either supplement appellant's abstract or, without additional abstracting, specify for our attention portions of the record that contradict the appellant's argument.

Our holding in this *per curiam* opinion is also consistent with Rule 4-2(b)(1)of the Rules of the Supreme Court and of the Court of Appeals, which states, in part:

> (1) If the appellee considers the appellant's abstract or Addendum to be defective, the appellee's brief should call the deficiencies to the court's attention and may, at the appellee's option, contain a supplemental abstract or Addendum.

It is clearly the spirit and purpose of the rules relating to the designation of records and preparations of briefs that the parties to an appeal should undertake to minimize the content and size of an appellate record, while also providing the appellate court with what it needs to understand the issues on appeal, the positions of the parties, and the evidence mitigating in favor of and against their respective positions. This purpose is best served if the parties undertake to comply with Ark. R. App. P.–Civ. 6(c), which requires that "All matters not essential to the decision of the

questions presented by the appeal shall be omitted." We do not believe that the purpose of the rules is served by ADHS's "shotgun" approach[1] to the designation of the record, with the expectation that an appellant will be required to abstract everything, regardless of whether or not it is "essential to the decision of the questions on appeal."

█ Although we deny this motion, ADHS is not precluded from calling to the court's attention in its brief any specific deficiencies in appellants' abstract and addendum, as allowed by Rule 4-2(b)(1) of the Rules of the Supreme Court and Court of Appeals.

---

[1] We particularly note with concern that the sixth paragraph of ADHS's record designation would require the court reporter, in order to prepare the designated record, to examine the entire record to determine whether the trial court took judicial notice of "any other dependency-neglect, delinquency, FINS or other case identified by docket number. . . ." Furthermore, such a designation has the potential to result in an unduly voluminous record, without any indication whatsoever that the matters included in the record from the other cases are essential to the decision in this case or are related to this case in any way.