Jeremy KENNEDY *v*. James BYERS;
Gaylon Lay

05-993                                                          247 S.W.3d 525

Supreme Court of Arkansas
Opinion delivered January 22, 2007

Appellant, pro se.

*Mike Beebe*, Att'y Gen., by: *Susannah C. Raney*, Ass't Att'y Gen., for appellee.

PER CURIAM. Appellant Jeremy Kennedy appeals pro se from the June 7, 2005 order of the Lincoln County Circuit Court, whereby his petition for relief under 42 U.S.C. § 1983 was dismissed due to the petitioner's failure to state a claim upon which relief can be granted pursuant to Arkansas Rule of Civil Procedure 12(b)(6). Kennedy, however, failed to include a notice of appeal in his Addendum, in violation of Arkansas Supreme Court Rule 4-2(a)(8), which provides that "an Addendum shall include true and legible photocopies of the order . . . from which the appeal is taken, along with any other relevant pleadings, documents, or exhibits essential to an understanding of the case and the Court's jurisdiction on appeal." Ark. Sup. Ct. R. 4-2(a)(8) (2006). In fact, Kennedy's brief contains nothing more in the way of an Addendum than the final order from which he appeals.

Although not raised by the appellee, we do not reach the merits of Kennedy's arguments due to his failure to comply with our Addendum requirements. *See* Ark. Sup. Ct. R. 4-2(a)(8), and 4-2(b)(3) (2006); *see also Branscumb v. Freeman*, 357 Ark. 644, 187 S.W.3d 846 (2004). This court may raise issues of deficiencies sua sponte. *See* Ark. Sup. Ct. R. 4-2(b)(3). Like the appellant in *Branscumb, supra*, Kennedy's Addendum contains nothing but a copy of the circuit court's order dismissing Kennedy's case. *See Branscumb, supra*. The Addendum does not include the notice of appeal, the original complaint, the amended complaint, or any of the other pleadings considered by the circuit court in reaching its determination. In *Branscumb*, this court said:

> It is a practical impossibility for seven justices to examine a single record filed with this court, and we will not do so. *City of Dover v. City of Russellville*, 351 Ark. 557, 95 S.W.3d 808 (2003). Arkansas Supreme Court Rule [4-2](a)(8) requires that the Addendum shall

include true and legible photocopies of, among other things, the relevant pleadings, documents, and exhibits that are essential to an understanding of the case and the court's jurisdiction on appeal. In the absence of the pleadings and motions on which the trial court based its decision, it is impossible for the court to make an informed decision on the merits of this case. Furthermore, without a notice of appeal in the addendum, we cannot determine whether this court has jurisdiction to decide this case.

*Branscumb*, 357 Ark. at 645, 187 S.W.3d at 847.

We add that we hold pro se appellants to the same standards in preparing their briefs as attorneys. *See e.g., Moon v. Holloway*, 353 Ark. 520, 110 S.W.3d 250 (2003). Because Kennedy failed to comply with this court's rules, we find that his brief is deficient, and we cannot reach the merits of his appeal. Therefore, pursuant to our rules, Kennedy has fifteen days from the date of this opinion to file a substituted Addendum to conform to Arkansas Supreme Court Rule 4-2(a)(8). *See* 4-2(b)(3); *see also, e.g., Branscumb, supra*. If Kennedy fails to file an Addendum within this time period, the circuit court's judgment may be affirmed for noncompliance with this Rule. *See id.*

Rebriefing ordered.