
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-13-985

| | | |
|---|---|---|
| | | **Opinion Delivered** April 9, 2014 |
| R.J. CHIODINI | APPELLANT | APPEAL FROM THE STONE COUNTY CIRCUIT COURT [NO. CV-2011-63-3] |
| V. | | HONORABLE LEE HARROD, JUDGE |
| DAVID LOCK | APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Chief Judge

Acting pro se, R.J. Chiodini appeals the Stone County Circuit Court's order of September 27, 2013, granting pro se appellee David Lock's motion to dismiss and quieting title. On appeal, Chiodini argues that the circuit court based its ruling on the statute of limitations, which was not pled by Lock, and thereby abused its discretion. We affirm.

### I. *Procedural History*

On April 21, 2010, this court issued its opinion in *Chiodini v. Lock*, 2010 Ark. App. 340, 374 S.W.3d 835 (*Chiodini I*), affirming the circuit court's order of December 11, 2008, wherein Chiodini's claim to property based on a boundary-by-acquiescence argument was denied and title was quieted pursuant to a survey. We remanded the case for the circuit court to amend its order to include a specific legal description of the boundary line between the parties' property. *Id*. at 18–19, 374 S.W.3d at 845. On May 31, 2011, a decree quieting title with an added legal description was filed in the circuit court.

SLIP OPINION

On June 28, 2011, Chiodini filed another lawsuit against Lock regarding the adjoining real property at issue in *Chiodini I*. In this claim, Chiodini alleged that the circuit court, by establishing a border for the adjoining properties in its December 11, 2008 decree quieting title, created an issue of adverse possession. He asserted that res judicata did not prevent his new suit involving the same property and boundary-line dispute because his claim for adverse possession involved only a portion of the boundary line from the original lawsuit and because, when the first lawsuit was filed, Chiodini believed the property at issue belonged to him; thus, an element of adverse possession was negated. Further, he claimed that the seven-year statutory period required for adverse possession had not accrued when *Chiodini I* was filed.

On July 20, 2011, Lock filed a combined answer and motion to dismiss, alleging that the claim had been fully adjudicated in *Chiodini I*. He argued that, because the land at issue had been in litigation since December 21, 2005, and because Chiodini had not physically possessed the land, no issue of adverse possession existed. Chiodini responded with the same arguments he had asserted in his complaint. Chiodini also claimed that the two lawsuits were based on different subject matter because boundary-by-acquiescence was the "subject" of the first suit, and adverse possession was the "subject" of the second.

Chiodini filed a motion for summary judgment on November 14, 2011, based on his claim of adverse possession. He alleged that he had continuously possessed the property since June 2004 and that he had met the statutory requirements for adverse possession.

SLIP OPINION

At a hearing held April 12, 2013, Lock raised his motion to dismiss and sought reconsideration of an apparent earlier denial of that motion, asking the circuit court to dismiss because the issue had been decided by *Chiodini I.* Chiodini argued that Lock was referring to res judicata and claimed that the subject matter of the instant case—adverse possession—was different. He also argued that adverse possession could not have been raised during the prior trial because the seven-year statutory period had not been reached.

The circuit court asked Chiodini how he was able to argue adverse possession when "everything was quieted" to Lock in May 2011. Chiodini responded that his claim on the land did not ripen until 2011 because, "[p]rior to that time, [he] believed that [the land at issue] was [his] own land, and being [his] own land, [he] could not claim adverse possession, even ignoring the seven-year rule." Later, the circuit court asked Chiodini, "What was the date you started occupying the land openly, continuously, exclusively, adversely?" He responded, "Mid-June, or early part."

After further argument, the circuit court ruled as follows:

> I'm going to grant Mr. Lock's motion to dismiss. I am going to specifically find that the land in question was subject to a lawsuit in CV-2005-93-4 from 2005 all the way through trial in Stone County Circuit Court. The case went up to the Court of Appeals CA-09-287, the exact land in dispute and on May 31, 2011, the land was fully quieted to Mr. Lock. In that Decree there was original language that was improper that the Court of Appeals ordered to be corrected, which was corrected. The decree was signed on May 31, 2011. As of May 31, 2011, Mr. Lock owned that land exclusively when the decree quieted title to him.

> I am going to find that the seven-year period that Mr. Chiodini has indicated, there's a requirement that the entire period be continuous. I'm going to find that the continuity of that seven-year period was broken by the lawsuit in CV-2005-93-4 where there was an argument over who owned the land, the seven-year period of continuity was broken by that lawsuit.

3

SLIP OPINION

Having said that, it would be impossible for Mr. Chiodini to be able to establish all the elements of the claim of adverse possession because as of May 31, 2011, Mr. Lock owned the land exclusively himself and the previous lawsuit broke the continuity of the seven-year period.

Chiodini timely appealed from the circuit court's dismissal order.

## II. *Standard of Review*

In reviewing a circuit court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Robertson v. Daniel*, 2013 Ark. App. 160. We look only to the allegations in the complaint. *Id.* In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Id.* We review the circuit court's decision granting a motion to dismiss for abuse of discretion. *Id.*

A prima facie case to quiet title requires a showing that the plaintiff has legal title to the property and possesses it. *Koonce v. Mitchell*, 341 Ark. 716, 19 S.W.3d 603 (2000). Adverse possession is governed by both common law and statute. To prove the common-law elements of adverse possession, a claimant must show that he has been in possession of the property continuously for more than seven years and that his possession has been visible, notorious, distinct, exclusive, hostile, and with the intent to hold against the true owner. *Muldrew v. Duckett*, 2013 Ark. App. 304. In 1995, the General Assembly added, as a requirement for proof of adverse possession, that the claimant prove color of title and payment of taxes on either the subject property or contiguous property for seven years. Ark. Code Ann. § 18-11-106 (Supp. 2011).

4



### III. *Statute-of-Limitations Argument*

In his appeal, Chiodini argues that it was an abuse of discretion for the circuit court to raise, sua sponte, the affirmative defense of the statute of limitations, which had not been pled or argued by Lock. Chiodini expands this argument, contending that the circuit court abused its discretion by arguing on behalf of Lock. He insists that Lock failed to argue the statute of limitations, and that, if he had, Chiodini would have objected to Lock's raising a new affirmative defense on the day of trial. Chiodini maintains that the circuit court supplied the argument for Lock, and he cites *Moon v. Holloway*, 353 Ark. 520, 110 S.W.3d 250 (2003), for the proposition that Lock, defending himself pro se, should not have been provided any special treatment. Chiodini also claims that the circuit court erred in ruling that the running of the statute of limitations ended with the May 28, 2011 order because Lock failed to file an ejectment action, and the May 28, 2011 order does not eject Chiodini from lands in his possession.

Regardless of Chiodini's erroneous "statute of limitations" label, this court recognizes that Chiodini objects to the circuit court's finding that he had not met the seven-year requirement of continuous possession in an adverse-possession claim. Mislabeling the requirement also led to Chiodini's argument that the circuit court could not consider the affirmative defense because it had not been pled or argued. Because the seven-year requirement of continuous possession is not a statute of limitations, as referred to in Arkansas Rule of Civil Procedure 8(c) (2013), Chiodini's argument for error is without foundation.

We affirm the circuit court's order granting Lock's motion to dismiss. Looking only to the allegations of the complaint in the light most favorable to Chiodini, *Robertson*, *supra*, the circuit court recognized that it was impossible for Chiodini to prevail. Because the decree quieting title was issued in May 2011, and Chiodini took possession of the land in June 2004, the requirement of seven years' continuous possession was not met. *Muldrew*, *supra*. Therefore, we hold that there was no abuse of discretion in dismissing Chiodini's complaint.

Affirmed.

WALMSLEY and WHITEAKER, JJ., agree.

*R.J. Chiodini*, pro se appellant.

*David Lock*, pro se appellee.