SLIP OPINION



Cite as 2015 Ark. App. 569

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–15–5

| | |
|---|---|
| | **OPINION DELIVERED** OCTOBER 21, 2015 |
| DIANNA K. BROWN<br>APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT<br>[NOS. CV-2010-658, CV-13-463] |
| V. | |
| | HONORABLE DAVID N. LASER, JUDGE |
| WAL-MART STORES, INC.<br>APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Chief Judge

Appellant Dianna Brown files this pro se appeal from the September 18, 2014 order of the Craighead County Circuit Court granting a directed verdict in favor of appellee Wal-Mart Stores, Inc., and dismissing appellant's case with prejudice. She argues that the circuit court erred in dismissing her case. We affirm.

Appellant's arguments are conclusory, and she cites no authority in support of them. Arkansas appellate courts have long held that it will not address arguments unless they are sufficiently developed and include citation to authority. *See, e.g.*, *Gatzke v. Weiss*, 375 Ark. 207, 289 S.W.3d 455 (2008); *Cole v. Laws*, 349 Ark. 177, 76 S.W.3d 878 (2002).

Alternatively, appellant's arguments regarding her slip and fall at Wal-Mart store #128, located in Jonesboro, Arkansas, on or about September 3, 2007, are unpersuasive to this court. Appellant failed to present sufficient evidence to meet her burden of proof that (1)

appellee breached any duty of care owed to appellant in connection with her slip–and–fall accident or (2) appellant sustained any injury or other damages that were proximately caused by her slip–and–fall accident.

In a negligence case, the burden of proof is always on the party asserting negligence, and negligence is never presumed. *Morehart v. Dillard Dep't Stores*, 322 Ark. 290, 908 S.W.2d 331 (1995). To establish a prima facie case of negligence, appellant must show that she sustained damages, that appellee was negligent, and that such negligence was a proximate cause of her damages. *Id*. While a party may establish negligence by direct or circumstantial evidence, she cannot rely upon inferences based on conjecture or speculation. *Id*.

To establish a violation of the duty of care, appellant must prove either that the presence of a substance on the floor was the result of appellee's negligence, or that the substance had been on the floor for such a length of time that appellee knew or reasonably should have known of its presence and failed to use ordinary care to remove it. *Tomlin v. Wal-Mart Stores, Inc.*, 81 Ark. App. 198, 100 S.W.3d 57 (2003). The mere fact that a person slips and falls does not give rise to an inference of negligence. *Id*. We hold that the circuit court was correct when it determined that appellant failed to present any evidence at trial to show that appellee breached a duty of care.

Our supreme court has repeatedly held that pro se appellants are held to the same standards as attorneys in preparing their briefs. *See, e.g.*, *Kennedy v. Byers*, 368 Ark. 516, 247 S.W.3d 525 (2007); *Moon v. Holloway*, 353 Ark. 520, 110 S.W.3d 250 (2003). Appellant's failure to present any evidence of negligence on the part of appellee and to preserve the

2

additional evidentiary arguments she now attempts to assert on appeal provides the appropriate basis for this court to affirm the directed verdict in favor of appellee.

Affirmed.

WHITEAKER and HOOFMAN, JJ., agree.

*Dianna K. Brown*, pro se appellant.

*Quattlebaum, Grooms & Tull PLLC*, by: *Thomas G. Williams*, for appellee.