

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–15–250

| | |
|---|---|
| JOANNE AMY DOUGHTY<br>APPELLANT | **Opinion Delivered** October 5, 2016 |
| | APPEAL FROM THE GARLAND<br>COUNTY CIRCUIT COURT<br>[NO. 26DR-13-377] |
| V. | |
| | HONORABLE VICKI SHAW COOK,<br>JUDGE |
| RICHARD WILLIAM DOUGLAS<br>APPELLEE | REBRIEFING ORDERED; MOTION<br>TO CONSOLIDATE GRANTED |

## PHILLIP T. WHITEAKER, Judge

Appellant Joanne Doughty appeals several orders of the Garland County Circuit Court pertaining to child-custody and visitation matters regarding her son, E.D., and E.D's father, appellee Richard Douglas. Due to numerous problems with her abstract and addendum, however, we must order rebriefing at this time.

Although we order rebriefing, a history of the procedural matters between the parties is helpful in understanding our decision. Doughty and Douglas have one child together, E.D. At the time of the proceedings below, Doughty was a resident of Garland County, Arkansas, and Douglas was a resident of Australia. Doughty filed a paternity suit against Douglas in the Garland County Circuit Court.[1] The Garland County Circuit Court conducted numerous

---

[1] This appeal is a companion case to CV-14-954, *Doughty v. Douglas*, 2016 Ark. App. 461. A more detailed history of the litigation is recited in CV-14-954.

SLIP OPINION

proceedings and entered several orders, including an order entered on October 6, 2014, that gave joint legal custody of E.D. to Doughty and Douglas.[2]

The proceedings that gave rise to the instant appeal began on November 24, 2014, when Douglas filed an emergency petition to enforce the court's order, motion for contempt, and for other relief. Douglas alleged that Doughty was interfering with the visitation established in the October 6, 2014 order. He also requested immediate emergency custody due to Doughty's actions. The circuit court entered an emergency ex parte custody order the same day, placing custody of E.D. with Douglas and temporarily suspending Doughty's visitation rights. The emergency order set a hearing for December 8, 2014.

On December 1, 2014, Douglas filed a petition for relief from order, to correct clerical error, and for interpleader to clarify orders. This petition sought clarification of the court's order with respect to the calculation of the amount of child support that was owed and asked that all funds that might be owed be held in the registry of the court. The court entered an order of interpleader on December 2, 2014, directing Douglas to pay a set amount of funds into the registry of the court.

Doughty responded to Douglas's motions on December 2, 2014, filing a counter-motion to vacate the emergency custody order. In it, she complained that she did not receive notice of the emergency petition, that she had complied with the court's orders regarding visitation, and that the custody and visitation orders should be modified in her favor.

---

[2] The October 6, 2014 order is the subject of the appeal in CV–14–954. The details of the provisions of that order pertaining to custody, visitation, and support are recited in CV–14–954.

SLIP OPINION

The circuit court held a hearing on the emergency petition on December 8, 2014. After the hearing, the circuit court entered a "Custody Modification Order" on December 31, 2014, in which it specifically amended the October 6, 2014 custody order and placed custody of E.D. with Douglas. The court found that Doughty's visitation with E.D. should be supervised, although she could eventually be granted unsupervised visitation if she fulfilled certain conditions set by the court. Doughty filed a motion for new trial, for relief from order, to set aside order, and for emergency stay on January 9, 2015. It is not apparent from the record before us whether the circuit court ruled on this motion.

On appeal in this matter, Doughty has filed two notices of appeal. She filed a notice of appeal on December 22, 2014 from the November 24, 2014 emergency custody order and the December 2, 2014 interpleader order. On January 29, 2015, Doughty filed her second notice of appeal, specifically designating the December 31, 2014 custody-modification order. In this second notice of appeal, Doughty asserted that she was adopting by reference her notice of appeal filed on December 22, 2014.[3]

Doughty raises numerous arguments pertaining to the court's ex parte order, its rulings during the December 8, 2014 hearing, and its handling of those proceedings. We are unable to reach the merits of Doughty's arguments, however, due to significant errors in her abstract and addendum that require us to order rebriefing at this time.

---

[3] In the second notice of appeal, Doughty attempted to assert and adopt her November 3, 2014 notice of appeal and her supplemental notice of appeal filed on November 5, 2014. Both of these notices pertain to CV–14–954.

Arkansas Supreme Court Rule 4–2(a)(5)(B) provides as follows with respect to the abstract:

> The abstract shall be an impartial condensation, without comment or emphasis, of the transcript (stenographically reported material). *The abstract must not reproduce the transcript verbatim.* No more than one page of a transcript shall be abstracted without giving a record page reference. In abstracting testimony, the first person ("I") rather than the third person ("He or She") shall be used. *The question-and-answer format shall not be used.* In the *extraordinary* situations where a short exchange cannot be converted to a first-person narrative without losing important meaning, however, the abstract may include brief quotations from the transcript.

(Emphasis added.) Review of Doughty's abstract reveals that it is entirely a verbatim reproduction of the transcript, which is expressly forbidden by Rule 4–2(a)(5)(B).

Doughty's addendum likewise fails to comply with our rules. An appellant's addendum is to contain "true and legible copies of the non-transcript documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case and to decide the issues on appeal. The addendum shall not merely reproduce the entire record of trial court filings, *nor shall it contain any document or material that is not in the record.*" Ark. Sup. Ct. R. 4–2(a)(8) (2015) (emphasis added).

The nontranscript portion of the record in the instant case, CV–15–250, is composed of 175 pages; an additional thirteen pages of exhibits that were introduced during the December 8, 2014 hearing are included in the record behind the transcript pages. Doughty's addendum in this case, however, consists of 603 pages because she has included voluminous materials from the record in the companion case, CV–14–954.[4] Our rules and caselaw are

---

[4] As noted below, we grant Doughty's motion to consolidate CV–14–954 and CV–15–250. At the time Doughty filed her addendum in CV–15–250, however, the motion to

clear that we will not consider a document in an appellant's addendum that is not contained in the record. *Union Pac. R.R. Co. v. Barber*, 356 Ark. 268, 308, 149 S.W.3d 325, 351 (2004); *Jewell v. Duree-Jewell*, 2011 Ark. App. 490. Designating and bringing forward a sufficient record to allow determination of the issues is the responsibility of the appellant. *Barnett v. Monumental Gen. Ins. Co.*, 354 Ark. 692, 694–95, 128 S.W.3d 803, 805 (2003); *see also* Ark. R. App. P.–Civ. 7 (2015).[5]

Finally, both the print and electronic versions of Doughty's addendum are missing pages 107–14. Encompassed in these pages is the circuit court's order for interpleader, which is one of the orders Doughty designated in her notice of appeal. Doughty is ordered to ensure that her substituted addendum contains all relevant pages of the record.

We therefore order rebriefing of this case, directing Doughty to file an abstract, a brief, and an addendum that conform with this court's rules. As noted in CV-14-954, Doughty is given thirty days to complete rebriefing, rather than the fifteen days provided for in Arkansas Supreme Court Rule 4-2(b)(3); likewise, as in that case, we also wish to impress on her the firm nature of this deadline. We further caution Doughty, a licensed attorney in California who is practicing pro se in Arkansas, that pro se litigants are held to the same standard as attorneys with respect to court rules and preparation of their briefs. *See Lucas v.*

consolidate had not been addressed by the court; her inclusion of materials from CV–14–954 in the addendum in CV–15–250 was therefore entirely inappropriate.

[5] We further note that some of the printed copies of Doughty's addendum contain only 475 pages and do not include her January 29, 2015 notice of appeal. Doughty is directed to ensure that all copies of her substituted abstract, brief, and addendum contain all appropriate pages.

*Jones*, 2012 Ark. 365, 423 S.W.3d 580; *Kennedy v. Byers*, 368 Ark. 516, 247 S.W.3d 525 (2007); *Brown v. Wal-Mart Stores, Inc.*, 2015 Ark. App. 569. We encourage Doughty to carefully and thoroughly review our rules to ensure that no additional deficiencies are present, and we caution her that if she fails to file a complying abstract and addendum within the prescribed time, the judgment may be affirmed for noncompliance with the rules. Ark. Sup. Ct. R. 4-2(b)(3).

Our court previously passed Doughty's motion to consolidate CV-14-954 and CV-15-250. We grant that motion today. Hereafter, the parties shall file their briefs and any other pleadings under docket number CV-15-250.

Rebriefing ordered; motion to consolidate granted.

GRUBER and HOOFMAN, JJ., agree.

*Joanne Amy Doughty*, pro se appellant.

*Crawford Law Firm*, by: *Michael H. Crawford*; and *Kamps & Stotts, PLLC*, by: *Adrienne M. Griffis*, for appellee.

SLIP OPINION