

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-16-1152

| | | |
|---|---|---|
| RAYFORD WRIGHT | | **Opinion Delivered** May 31, 2017 |
| | APPELLANT | APPEAL FROM THE OUACHITA COUNTY CIRCUIT COURT [NO. 52CV-14-32] |
| V. | | |
| | | HONORABLE DAVID F. GUTHRIE, JUDGE |
| CITY OF BEARDEN | | |
| | APPELLEE | REBRIEFING ORDERED |

## LARRY D. VAUGHT, Judge

Rayford Wright appeals the judgment entered by the Ouachita County Circuit Court finding him in violation of the City of Bearden's Ordinance No. 115 and fining him $970 plus $25 court costs. Wright, who represented himself at trial and who is pro se on appeal, argues that Ordinance No. 115 "will not withstand constitutional law." Due to deficiencies in Wright's appellate brief, we are unable to address the merits of his appeal and order rebriefing.

Wright's statement of the case is deficient. It is confusing and lacks structure in violation of Arkansas Supreme Court Rule 4-2(a)(6) (2016), which provides that the "statement of the case should be sufficient to enable the court to understand the nature of the case, the general fact situation, and the action taken by the trial court."

Wright's argument is deficient. First, his case citations[1] are in violation of Rule 4-2(a)(7) of the Arkansas Supreme Court Rules, which provides that "[c]itations of decisions of the

---

[1]Examples of Wright's case citations are: "*107 Ark 174*" and "*85 Ark 509.*"

SLIP OPINION

Arkansas Supreme Court and Court of Appeals must be from the official reports, and all citations to both official and unofficial reports shall follow the format prescribed in Rule 5-2. Ark. Sup. Ct. R. 4-2(a)(7). Rule 5-2(d)—the uniform-citation rule—requires that "[d]ecisions included in the *Arkansas Reports* and *Arkansas Appellate Reports* shall be cited in all court papers by referring to the volume and page where the decision can be found and the year of the decision." Ark. Sup. Ct. R. 5-2(d). Parallel citations to the regional reporter, if available, are required. *Id.* Examples offered in Rule 5-2(d) include the style of the case as well. Wright's citations do not include the style, parallel citation, or year of the case.

A second deficiency in Wright's argument is that he cites to the record, not to the abstract. Rule 4-2(a)(7) provides that reference in the argument portion of appellate briefs to material found in the abstract shall be followed by a reference to the page number of the abstract at which the material may be found. Ark. Sup. Ct. R. 4-2(a)(7).

As stated above, Wright has filed his own appellate brief and is proceeding pro se on appeal. We hold pro se appellants to the same standards in preparing their briefs as attorneys. *Kennedy v. Byers*, 368 Ark. 516, 518, 247 S.W.3d 525, 526 (2007). Because Wright has failed to comply with our rules, we order him to file a substituted brief within fifteen days from the date of entry of this order. Ark. Sup. Ct. R. 4-2(b)(3). Mere modifications of the original brief will not be accepted. *Id.* Upon filing the substituted brief, appellee shall have fifteen days to revise or supplement its brief. If Wright fails to file a compliant brief within the prescribed time, the judgment from which he appealed may be affirmed for noncompliance. *Id.*

Rebriefing ordered.
HARRISON and BROWN, JJ., agree.
*Rayford Wright*, pro se appellant.
*Wynne Law Firm*, by: *Tom Wynne*, for appellee.