Cite as 2022 Ark. App. 472

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-22-258

|  |  |  |
|---|---|---|
| CHRISTOPHER BURNS | **APPELLANT** | Opinion Delivered November 16, 2022 |
|  |  | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-21-23] |
| V. |  |  |
|  |  | HONORABLE CHRIS E WILLIAMS, JUDGE |
| STATE OF ARKANSAS | **APPELLEE** | REBRIEFING ORDERED |

**KENNETH S. HIXSON, Judge**

Appellant Christopher Burns appeals after he was convicted by a Hot Spring County Circuit Court jury of aggravated assault on a family or household member, terroristic threatening in the first degree, and domestic battering in the third degree. He was sentenced to serve an aggregate of seventy-two months' imprisonment. On appeal, appellant challenges the sufficiency of the evidence supporting each of his convictions. However, because of briefing deficiencies, we are unable to reach the merits of his arguments at this time and must order rebriefing.

A notice of appeal in this case was first filed on November 16, 2021. The supreme court made electronic filing of appeals mandatory for cases in which the notice of appeal was filed on or after June 1, 2021. *See In re Acceptance of Records on Appeal in Elec. Format*, 2020

Ark. 421 (per curiam). As such, appellant's counsel correctly filed an electronic brief on behalf of appellant. However, it is clear to us that counsel has not fully familiarized himself with the new rules as his brief is woefully deficient. For example, Rule 4-2(a)(6) of the Arkansas Rules of the Supreme Court states the following:

> The appellant's brief *shall* contain a concise statement of the case and the facts without argument. The statement shall identify and discuss all material factual and procedural information contained in the record on appeal. Information in the appellate record is material if the information is essential to understand the case and to decide the issues on appeal. All material information must be supported by citations to the pages of the appellate record where the information can be found.

(Emphasis added.)

Here, however, counsel failed to include any statement of the case, and even the argument section does not recite the relevant testimony for this appeal. Instead, the argument section consists of less than six pages that mostly repeat the same standard of review for each of the three points on appeal with little explanation or substantive argument about the points themselves. The requirement that a statement of the case be included is not only for the benefit of this court to understand the case and facts, but the failure to include necessary facts can also limit appellant's requested review of any opinion offered by this court. Rule 2-3(h) of the Arkansas Rules of the Supreme Court states, "In no case will a rehearing petition be granted when it is based upon any fact thought to have been overlooked by the Court, unless reference has been clearly made to it in the statement of the case and the facts prescribed by Rule 4-2."

Therefore, because of the mandatory language used by the supreme court in Rule 4-2, we cannot overlook counsel's failure to even attempt to comply with the rule requiring a statement of the case. The brief as presented by appellant's counsel impedes this court's ability to undertake a meaningful review of the issues on appeal. Accordingly, we order counsel to file a substituted brief on behalf of appellant curing any deficiencies within fifteen days from the date of this order. The deficiencies we have noted are not to be taken as an exhaustive list, and we encourage counsel for the appellant to carefully examine the record and review our rules before resubmitting his brief. Upon the filing of a substituted brief, the State will be afforded an opportunity to revise or supplement its brief in the time prescribed by the clerk.

Rebriefing ordered.

VIRDEN and BARRETT, JJ., agree.

*Gregory Crain*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.