Cite as 2023 Ark. App. 34

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-22-258

| | | |
|---|---|---|
| CHRISTOPHER BURNS | | Opinion Delivered February 1, 2023 |
| | APPELLANT | |
| | | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-21-23] |
| V. | | |
| | | HONORABLE CHRIS E WILLIAMS, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | REBRIEFING ORDERED |

## KENNETH S. HIXSON, Judge

Appellant Christopher Burns appeals after he was convicted by a Hot Spring County Circuit Court jury of aggravated assault on a family or household member, terroristic threatening in the first degree, and domestic battering in the third degree. He was sentenced to serve an aggregate of seventy-two months' imprisonment. On appeal, appellant challenges the sufficiency of the evidence for each of his convictions.

Because of briefing deficiencies, we previously ordered rebriefing. *See Burns v. State*, 2022 Ark. App. 472. We noted that counsel had failed to include any statement of the case in compliance with Rule 4-2(a)(6) of the Arkansas Rules of the Supreme Court and that even the argument section did not recite the relevant testimony necessary for this appeal. We explained that the requirement that a statement of the case be included is not only for the benefit of this court to understand the case and facts but that the failure to include necessary facts can also

limit appellant's requested review of any opinion offered by this court. Rule 2-3(h) of the Arkansas Rules of the Supreme Court states, "In no case will a rehearing petition be granted when it is based upon any fact thought to have been overlooked by the Court, unless reference has been clearly made to it in the statement of the case and the facts prescribed by Rule 4-2."

Counsel has filed the substituted brief now before us; however, appellant's brief once again fails to comply with the above-cited rules or this court's previous order. Although appellant's brief now contains two short paragraphs under the heading statement of the case, we note that the statement of the case is limited to a sparse procedural timeline setting forth that appellant was charged with aggravated assault on a family or household member, terroristic threatening in the first degree, and domestic battering in the third degree; that he moved for directed verdict at trial; that he was found guilty; and that he was sentenced to serve an aggregate of seventy-two months' imprisonment. Appellant's brief once again fails to recite any of the relevant testimony presented at trial or discuss the substance of the directed-verdict motions made at trial from which appellant now appeals.

Accordingly, we order counsel to file a substituted brief on behalf of appellant curing any deficiencies within fifteen days from the date of this order. The list of deficiencies we have noted should not be considered exhaustive, and we encourage counsel for the appellant to carefully examine the record and review our rules before resubmitting his brief. Upon the filing of a substituted brief, the State will be afforded an opportunity to revise or supplement its brief in the time prescribed by the clerk.

Rebriefing ordered.

GRUBER and WOOD, JJ., agree.

*Gregory Crain*, for appellant.

One brief only.