Cite as 2023 Ark. App. 195

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-22-275

| | | |
|---|---|---|
| JIMMY DION BARDIN | | Opinion Delivered April 5, 2023 |
| | APPELLANT | APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. 02CV-20-145] |
| V. | | |
| | | HONORABLE ROBERT B. GIBSON III, JUDGE |
| MARGARET BARDIN | | |
| | APPELLEE | REBRIEFING ORDERED |

**KENNETH S. HIXSON, Judge**

This is a breach-of-contract case. After a bench trial, the Ashley County Circuit Court entered an order finding that appellant Jimmy Dion Bardin breached a contract for the purchase of a mobile home and ordered Jimmy to vacate the property and pay appellee Margaret Bardin $9451 in damages. On appeal, Jimmy argues that the trial court erred in construing the parties' contract and further erred in awarding both liquidated damages and actual damages. However, because of briefing deficiencies, we are unable to reach the merits of his arguments at this time and must order rebriefing.

A notice of appeal in this case was filed on October 6, 2021. The supreme court made electronic filing of appeals mandatory for cases in which the notice of appeal was filed on or after June 1, 2021. *See In re Acceptance of Records on Appeal in Elec. Format*, 2020 Ark.

421 (per curiam). As such, appellant's counsel correctly filed an electronic brief on behalf of appellant. However, the brief provided does not contain a sufficient statement of the case. This is because the statement of the case does not contain the information necessary to understand the case and decide the issues on appeal. The statement of the case only identifies this as a breach-of-contract action and briefly sets forth some of the procedural posture.

> Rule 4-2(a)(6) of the Arkansas Rules of the Supreme Court provides:
>
> The appellant's brief *shall* contain a concise statement of the case and the facts without argument. The statement shall identify and discuss all material factual and procedural information contained in the record on appeal. Information in the appellate record is material if the information is essential to understand the case and to decide the issues on appeal. All material information must be supported by citations to the pages of the appellate record where the information can be found.

(Emphasis added.) The requirement that a statement of the case be included is not only for the benefit of this court to understand the case and facts, but the failure to include necessary facts can also limit appellant's requested review of any opinion offered by this court. Rule 2-3(h) of the Arkansas Rules of the Supreme Court states, "In no case will a rehearing petition be granted when it is based upon any fact thought to have been overlooked by the Court, unless reference has been clearly made to it in the statement of the case and the facts prescribed by Rule 4-2."

Because of the mandatory language used by the supreme court in Rule 4-2, we cannot overlook appellant's counsel's failure to comply with the rule. *See Greeno v. State*, 2023 Ark. App. 82; *Burns v. State*, 2022 Ark. App. 472. Accordingly, we order appellant's counsel to

2

file a substituted brief on behalf of appellant curing any deficiencies within fifteen days from the date of this opinion.  The deficiencies we have noted are not to be taken as an exhaustive list, and we encourage appellant's counsel to carefully examine the record and review our rules before resubmitting his brief.  Upon the filing of a substituted brief, the appellee will be afforded an opportunity to revise or supplement her brief in the time prescribed by the clerk.

Rebriefing ordered.

KLAPPENBACH and WOOD, JJ., agree.

*Hamilton & Hamilton, PLLC*, by: *James A. Hamilton*, for appellant.

*The Ray Law Firm*, by: *Michael D. Ray*, for appellee.