Cite as 2024 Ark. App. 290

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-22-469

| | |
|---|---|
| CLIFFORD W. CHRISTIAN AND KAREN D. CHRISTIAN | Opinion Delivered May 1, 2024 |
| | APPEAL FROM THE BOONE COUNTY CIRCUIT COURT |
| APPELLANTS | [NO. 05CV-17-363] |
| V. | HONORABLE JOHNNIE A. COPELAND, JUDGE |
| SWO PROPERTIES, INC., AN ARKANSAS CORPORATION DOING BUSINESS IN BOONE COUNTY, ARKANSAS | |
| APPELLEE | REBRIEFING ORDERED |

## STEPHANIE POTTER BARRETT, Judge

Appellants Clifford W. Christian and Karen D. Christian ("Christians") appeal the decision of the Boone County Circuit Court in favor of SWO Properties, Inc. ("SWO"), finding them in contempt for failure to vacate the subject property on February 1, 2021. We do not reach the merits of their arguments at this time and must order rebriefing.

The Christians filed a brief incorrectly titled "Abstract, Appellant's Corrected Brief and Addendum."[1] The Christians and SWO both failed to comply with the briefing

---

[1]Our supreme court has changed the briefing rules for appeals involving an electronic record. *In re Acceptance of Records on Appeal in Elec. Format & Elimination of the Abstracting & Addendum Requirements*, 2019 Ark. 213 (per curiam); *In re Acceptance of Records on Appeal in Elec. Format & Elimination of the Abstracting & Addendum Requirements*, 2020 Ark. 421 (per

requirements in their statement of facts. Although the issue was not raised by either party, we cannot reach the merits of this case because of a failure to comply with the rules governing appeals. The court may raise issues of deficiencies sua sponte. *Branscumb v. Freeman*, 357 Ark. 644, 187 S.W.3d 846 (2004).

Arkansas Supreme Court Rule 4-2(a)(6) provides:

> The appellant's brief shall contain a concise statement of the case and the facts without argument. The statement shall identify and discuss all material factual and procedural information contained in the record on appeal. Information in the appellate record is material if the information is essential to understand the case and to decide the issues on appeal. All material information must be supported by citations to the pages of the appellate record where the information can be found.

While only the appellant's brief is required to contain a statement of the case, the appellee's brief may contain a statement of the case if there are necessary facts to understand the case the appellee believes were not included in the appellant's brief. However, if the appellee provides a statement of the case, it, too, must comply with Rule 4-2(a)(6). Here, neither the Christians' brief nor SWO's brief was compliant with Rule 4-2(a)(6) because both briefs contain arguments in their statement of the facts and leave little room for information necessary to understand the case and decide the issues on appeal.

The Christians' statement of the case further fails to cite the page numbers of the appellate record where material, factual information relevant to review may be found. Because of the mandatory language used by the supreme court in Rule 4-2, we cannot

---

curiam). The filing of an abstract and addendum is no longer required pursuant to Arkansas Supreme Court Rule 3-3.

2

overlook counsel's failure to comply with the rule. Accordingly, we order the appellants' counsel to file a substituted brief on behalf of the Christians, curing any deficiencies within thirty days from the date of this opinion. The list of deficiencies we have noted are not to be taken as exhaustive, and we encourage the appellants' counsel to carefully examine the record and review our rules before resubmitting a brief. Upon the filing of a substituted brief, the counsel for SWO will have thirty days from that date to file a substituted appellee brief.

Rebriefing ordered.

HARRISON, C.J., and VIRDEN, J., agree.

*Teresa J. Olson*, for appellants.

*Watson Law Firm of Harrison*, by: *Rick E. Watson*, for appellee.