Cite as 2024 Ark. App. 498

# ARKANSAS COURT OF APPEALS
## DIVISION IV
No. CV-23-498

| | |
|---|---|
| LISA SOWELL<br><br>APPELLANT<br><br>V.<br><br>EVERGREEN PACKAGING, LLC; ACE AMERICAN INSURANCE COMPANY; AND GALLAGHER BASSETT SERVICES, INC.<br><br>APPELLEES | Opinion Delivered October 9, 2024<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSON<br>[NO. G804085]<br><br>REBRIEFING ORDERED |

**WAYMOND M. BROWN, Judge**

Appellant Lisa Sowell appeals from the Arkansas Workers' Compensation Commission's (Commission's) opinion and order affirming as modified the administrative law judge's (ALJ's) decision. Specifically, the Commission found that the Arkansas Workers' Compensation Act is constitutional and applicable; that the functional capacity evaluation (FCE) was relevant and admissible; that appellant failed to prove that additional medical treatment was reasonably necessary but that she had proved she was entitled to another change of physician if she so desired; and that appellant was not credible and failed to prove that she is permanently and totally disabled. Appellant argues on appeal that (1) she was denied due process and equal protection under the Fourteenth Amendment due to the relationship of her treating physician, Victor Vargas, to appellee Evergreen Packaging and

because[1] of the workers' compensation rules of evidence; (2) the FCE is completely subjective and not admissible in any court; (3) Arkansas Code Annotated section 11-9-705(a),[2] which allows subjective evidence conflicts, with Arkansas Code Annotated section 11-9-102,[3] which requires objective evidence to establish a medical workers'-compensation injury; and (4) appellant tried to preserve her employment by requesting an accommodation. We do not reach the merits of appellant's arguments at this time and must order rebriefing.

Arkansas Supreme Court Rule 4-2(a)(6) provides that appellant's brief "shall contain a concise statement of the case and facts without argument." However, appellant has injected arguments throughout the statement, against our rules.

Rule 4-2(a)(7) states that arguments "shall be presented under subheadings numbered to correspond to the outline of points to be relied upon. For each issue, the applicable standard of review shall be concisely stated at the beginning of the discussion of the issue." Appellant has completely failed to comply with this requirement. All the issues have been listed together; no standard of review has been noted at the beginning of the discussion; and everything runs together, making it hard to decipher what argument corresponds to what issue.[4]

---

[1]"Because" was added to try and make the argument easier to follow.

[2](Supp. 2023).

[3](Supp. 2023).

[4]In appellant's reply brief, counsel notes that the issues overlap and will be discussed collectively to avoid statements out of context. Counsel cites Federal Rule of Evidence 402,

Even though the issues listed above have not been raised by either party, we may raise issues of deficiencies sua sponte.[5] The mandatory language of Rule 4-2 prevents us from overlooking counsel's failure to comply with the rules. Accordingly, we order appellant's counsel to file a substituted brief curing any deficiencies within thirty days from the date of this opinion. The list of deficiencies noted is not exhaustive, and we encourage counsel to carefully examine our rules before resubmitting a brief. Once the substituted brief is filed, appellee will have fifteen days to submit another brief. Otherwise, we will rely on the brief already filed.

Rebriefing ordered.

ABRAMSON and KLAPPENBACH, JJ., agree.

*Larry J. Steele PLC*, by: *Larry J. Steele*, for appellant.

*Frye Law firm, P.A.*, by: *William C. Frye*, for appellees.

---

which deals with the admissibility of relevant evidence and has no bearing on what is required by our appellate rules.

[5] *See Christian v. SWO Props., Inc.*, 2024 Ark. App. 290.