Cite as 2025 Ark. App. 144

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CV-23-738

| | |
|---|---|
| DONALD FONDREN<br>　　　APPELLANT/CROSS-APPELLEE<br><br>V.<br><br><br>ADRIENNE FONDREN<br>　　　APPELLEE/CROSS-APPELLANT | Opinion Delivered March 5, 2025<br><br>APPEAL FROM THE POPE COUNTY CIRCUIT COURT<br>[NO. 58DR-22-71]<br><br>HONORABLE GORDON W. "MACK" MCCAIN, JR., JUDGE<br><br>REBRIEFING ORDERED |

**CASEY R. TUCKER, Judge**

Appellant Donald Fondren appeals the divorce decree entered by the Pope County Circuit Court on June 12, 2023, granting appellee Adrienne Fondren's complaint for divorce. His point on appeal is that the circuit court erred in failing to award joint custody of the couple's minor child. Adrienne cross-appeals, arguing that the circuit court erred in (1) holding her in contempt, (2) setting a schedule for when Donald's unsupervised visitation would begin, (3) ordering that neither parent could have overnight visitors with whom they are romantically involved, and (4) restricting her from choosing alternate educational options for the child. Due to briefing deficiencies, we are unable to reach the merits of either party's arguments and order rebriefing.

Donald's brief does not contain a sufficient statement of the case and facts. The requirements for appellate briefs are set forth in Arkansas Supreme Court Rule 4-2. Rule 4-2(6) sets out the requirements for the statement of the case:

> *Statement of the Case and Facts.* The appellant's brief shall contain a concise statement of the case and the facts without argument. The statement shall identify and discuss all material factual and procedural information contained in the record on appeal. Information in the appellate record is material if the information is essential to understand the case and to decide the issues on appeal. All material information must be supported by citations to the pages of the appellate record where the information can be found.

Donald's statement of the case provides a scant summary of two witnesses' testimony—the child's counselor and his own. He merely lists six other witnesses, including Adrienne, without including their testimony. Donald provides an inadequate one-sentence summary of a portion of the circuit court's order. This is far from all the essential information the court needs to understand and decide this case. *See Bardin v. Bardin*, 2023 Ark. App. 195. Rule 4-2 is mandatory, and we cannot overlook this deficiency. *See Christian v. SWO Props., Inc.*, 2024 Ark. App. 290; *Gitchell v. State*, 2023 Ark. App. 181; *Bardin, supra*.

An appellee is not required to include a statement of the case in her brief. Ark. Sup. Ct. R. 4-2(b). However, Adrienne raises several issues on cross-appeal. The underpinning facts pertaining to her cross-appeal are not contained in Donald's statement of the case. Without a statement of the case containing the material factual and procedural information necessary to understand the case and decide the issues on appeal, this court cannot address the arguments raised in Adrienne's cross-appeal. *Bardin, supra. See also Greeno v. State*, 2023 Ark. App. 82.

2

Adrienne's brief is woefully deficient in other ways as well. We refer her counsel to Ark. Sup. Ct. R. 4-2, which sets forth the necessary contents of an appellate brief and the order in which the brief should be organized. While reviewing the entire rule, counsel should note Rule 4-2(d)(3), which requires that "if an appellee is also a cross-appellant, the argument on cross-appeal shall appear after the appellee's argument in the brief." In other words, Adrienne's responsive argument as appellee must precede her argument as cross-appellant.

It behooves counsel to provide this court not only well-argued briefs but also briefs that are organized and otherwise in compliance with Rule 4-2. Because of the mandatory nature of Rule 4-2, we cannot ignore the failure of both counsel to comply. Accordingly, we order the parties to file substituted briefs curing any deficiencies. Donald shall have thirty days from the date of this opinion to file his substituted brief. Adrienne shall have thirty days from the date Donald's substituted brief is filed to file her substituted brief.

The list of deficiencies we have noted is not intended to be exhaustive. We encourage counsel for both parties to carefully examine our rules before resubmitting their briefs.

Rebriefing ordered.

HARRISON and THYER, JJ., agree.

*Lisa Norris*, for appellant.

*Weimar Law Office*, by: *DeeAnna Weimar*, for appellee.